1   **PETER C. ANDERSON**
    **UNITED STATES TRUSTEE**
2   Kenneth M. Misken
    Assistant United States Trustee
3   Katherine C. Bunker, Bar No. 240593
    Trial Attorney
4   **UNITED STATES TRUSTEE**
    915 Wilshire Blvd., Suite 1850
5   Los Angeles, California 90017
    Telephone: (213) 894-6811
6   Facsimile: (213) 894-0276
    E-mail: kate.bunker@usdoj.gov

7

8                   **UNITED STATES BANKRUPTCY COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                    **SAN FERNANDO VALLEY DIVISION**

11   In re                                  ) Case No. 1:20-bk-10213-MT
                                            )
12   **AFSANEH DOOST**,                     ) Chapter 7
                                            )
13                            Debtor.       ) **NOTICE OF MOTION AND MOTION TO**
                                            ) **DISMISS CASE PURSUANT TO 11 U.S.C.**
14                                          ) **§ 707(b)(3)(A) WITH A ONE-YEAR BAR**
                                            ) **TO REFILING PURSUANT TO 11 U.S.C.**
15                                          ) **§§ 105(a) AND 349(a); MEMORANDUM**
                                            ) **OF POINTS AND AUTHORITIES;**
16                                          ) **DECLARATION OF SANDRA A. CRUZ**
                                            ) **IN SUPPORT THEREOF**
17                                          )
                                            )
18                                          ) Date:  June 3, 2020
                                            ) Time:  10:00 a.m.
19                                          ) Ctrm:  302
                                            )
20   _____ )

21         PLEASE TAKE NOTICE that on June 3, 2020, at 10:00 a.m., or as soon thereafter as the

22   matter may be heard in Courtroom 302 of the above-entitled court, located at 21041 Burbank

23   Boulevard, in Woodland Hills, California, the United States Trustee (the "U.S. Trustee") will

24   request that this case be dismissed pursuant to 11 U.S.C. § 707(b)(3)(A) with a one-year bar to

25   refiling pursuant to 11 U.S.C. §§ 105(a) and 349(a).

26         This motion is based upon this Notice of Motion and motion, the attached Memorandum

27   of Points and Authorities and supporting Declaration, the pleadings and documents on file

28   herein, and such other evidence and argument as is presented at the time of the hearing.

                                            1

1      Pursuant to Rule 4004(c)(1)(D) of the Federal Rules of Bankruptcy Procedure, the

2  discharge of the debtor is stayed pending the outcome of this motion.

3      Any opposition, joinder, or other response to this Notice of Motion and motion must be

4  filed in writing, and served on the U.S. Trustee and other parties entitled to service, at least

5  fourteen (14) days before the date set for the hearing on this motion, as required by Local

6  Bankruptcy Rule 9013-1(f).  Failure to timely file and serve any responsive papers may result in

7  the Court failing to consider the same.

8  Date: April 29, 2020                    UNITED STATES TRUSTEE

9                          By:  */s/ Katherine C. Bunker*

10                             Katherine C. Bunker
                           Attorney for the U.S. Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.    FACTS

On January 28, 2020, Afsaneh Doost (the "Debtor") filed a voluntary chapter 7[1] bankruptcy petition. Declaration of Sandra A. Cruz ("Cruz Dec."), Exhibit A.[2]  The petition states that the Debtor's debts are primarily consumer debts. Exhibit B at 20.  That day the Debtor was given notice that his meeting of creditors would be held pursuant to 11 U.S.C. § 341(a) on March 9, 2020.  Exhibit A at 11.

Filed with the petition were the Debtor's Schedule A/B, C, D, E/F, and G, Declaration of Debtor's Schedules, Statement of Financial Affairs, Statement of Intent, and mailing list.  *See id.* at 10.  On February 6, 2020, the Debtor filed his remaining schedules, Chapter 7 Means Test forms, and Certification of Employment Income.  *Id.* at 12.

On Schedule A/B, the Debtor lists owning real property located at 4567 White Oak Place, Los Angeles, California 91316 (the "Property").  Exhibit B at 26.  Bank of America ("BofA") is listed on Schedule D as holding a $1,493,000 secured claim on the Property.  *Id.* at 32.  On Schedule E/F, the Debtor lists owing $66,683.52 for credit cards, personal loans, legal fees, and utilities.  *Id.* at 33-39.  On Schedule I, he lists having monthly gross income of $11,380 from his income, his spouse's income, and rental income.  Exhibit C at 56-57.  On Schedule J, he lists no dependents and monthly expenses of $11,237, providing him with $143 of monthly disposable income.  *Id.* at 58-59.  Despite listing over $11,000 in monthly gross income on Schedule I and no dependents on Schedule J, on the Means Test form 122A-1, he lists only $5,980 in monthly income and six dependents.  *Id.* at 60-61.

The Debtor also discloses on the petition three prior bankruptcy cases.  Exhibit B at 17. These cases include:

/ / /

/ / /

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure ("FRBP"), Rules 1001-9037.

[2] All further references to exhibits herein are to exhibits to the accompanying Cruz Dec.

| Case Name | Case No. | Date Filed | Date Dismissed | Case Status |
|---|---|---|---|---|
| Afsaneh Doost | 1:11-bk-22838-MT | 11/3/11 | 11/22/11 | Dismissed for failure to file schedules, statements, and/or plan. |
| Afsaneh Doost | 1:16-bk-10078-MT | 01/12/16 | 4/18/16 | Debtor filed case one day before a noticed foreclosure sale on the Property. Case was closed without discharge as the Debtor did not file a certificate of financial management. |
| Afsaneh Doost | 1:19-bk-12284-MT | 09/11/19 | 12/10/19 | Debtor filed case the day before a noticed foreclosure sale on the Property. The Debtor failed to appear at his § 341(a) meeting which led to the dismissal of his case. |

On February 12, 2020, the U.S. Trustee sent the Debtor a letter requesting that the Debtor provide additional information about the Debtor's and his spouse's income, the Debtor's dependents, the car payment listed on Schedule J, whether any foreclosure action was pending as to the Property, a copy of the rental agreement, and copies of bank statements (the "Letter"). Cruz Dec. ¶5. The Letter requested a response by February 27, 2020. *Id.*

On March 9, 2020, the Debtor failed to appear for his initial § 341(a) meeting. Cruz Dec. ¶6. That meeting was continued to April 24, 2020. Exhibit A at 13.

On March 17, 2020, Bank of America ("BofA") filed a motion for relief from stay to proceed with a foreclosure action initiated against the Debtor as to the Property. Exhibit D. That motion states that the Debtor has failed to make 17 mortgage payments for a total $129,331.94. *Id.* at 80. The Motion attaches evidence to establish that this is the second case filed by the Debtor within the last six months which has impeded BofA attempts to foreclose on the Property. *See id.*

On April 24, 2020, the Debtor failed to appear at the continued § 341(a) meeting. Cruz Dec. ¶6. As of the April 24 § 341(a) meeting, the Debtor also had not provided a response to the

1  Letter. *Id.* ¶5.  Thus, to do he has not testified to the accuracy of his schedules and statements

2  nor has the U.S. Trustee been able to question about his reasons for filing this bankruptcy case.

3  ## II.    DISCUSSION

4  1.    Applicability of § 707(b)

5  Section 707(b)(1) of the Bankruptcy Code, as amended, provides that the Court may

6  dismiss a case filed by an individual whose debts are "primarily consumer debts," if it finds that

7  granting relief would be an abuse of chapter 7.  11 U.S.C. § 707(b)(1).  Here, the Debtor checked

8  the box on the petition stating that his debts are primarily consumer debt.  Exhibit B at 20.  In

9  addition, his schedules list obligations that are primarily consumer debts.  *Id.* at 32-39.

10  2.    Dismissal Under § 707(b)(3)(A) For Bad Faith Is Warranted

11  Since the enactment of Bankruptcy Abuse Prevention and Consumer Protection Act of

12  2005 ("BAPCPA"), under § 707(b)(3), a bankruptcy court is free to dismiss a case for abuse if it

13  finds that the petition was filed in bad faith.  11 U.S.C. § 707(b)(3)(A).  While this addition to

14  the Bankruptcy Code provides further protection from debtors abusing the bankruptcy system,

15  there has been no standard provided in the Code nor by the Ninth Circuit for determining what

16  constitutes a "bad faith" filing in chapter 7 cases under § 707(b)(3)(A).  *In re Siegenberg*, 2007

17  Bankr. LEXIS 2538 *8 (Bankr. C.D. Cal. July 31, 2007).

18  Presently, two published decisions from the Central District have addressed the standard

19  for bad faith: *In re Siegenberg*, 2007 Bankr. LEXIS 2538 *1 (Bankr. C.D. Cal. July 31, 2007),

20  and *In re Mitchell*, 357 B.R. 142 (Bankr. C.D. Cal. 2006).  In both *Siegenberg* and *Mitchell*, the

21  bankruptcy court found that "the standards for bad faith dismissal used in Chapter 11 and

22  Chapter 13 cases should, to the extent possible, also apply in Chapter 7 cases via

23  § 707(b)(3)(A)."  *Mitchell*, 357 B.R. at 153-54.

24  When applying the Chapter 11 and Chapter 13 bad faith tests, courts generally consider a

25  multitude of non-exclusive factors, including:

26  (1) the debtor's history of filings and dismissals (*Leavitt v. Soto (In re Leavitt)*,
171 F.3d 1219, 1224 (9th Cir. 1999)); (2) whether a debtor misrepresented facts in

27  their petition, unfairly manipulated the Bankruptcy Code, or otherwise filed the
petition in an inequitable manner (*Id.*; *In re Marshall*, 298 B.R. 670, 681 (Bankr.

28  C.D. Cal. 2003)); (3) whether the debtor is actually in need of bankruptcy

protection (*Marshall*, 298 B.R. at 681); (4) whether the debtor intended to invoke the [Bankruptcy Code] for improper purposes, such as for the sole objective of defeating state court litigation [See *id.*; *see Leavitt*, 171 F.3d at 1224)]; and (5) whether egregious behavior is present (*Leavitt*, 171 F.3d at 1224).

*Mitchell*, 357 B.R. at 154; *see Leavitt*, 171 F.3d at 1224 (discussing factors for finding bad faith in a chapter 13 case); *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994) (discussing what supports dismissal of a chapter 11 case based on bad faith). No single factor is considered dispositive, but rather the entirety of the situation must be evaluated. *In re Powers*, 135 B.R. 980, 991-92 (Bankr. C.D. Cal. 1991). A showing of fraudulent intent by the debtor is not required for a finding of bad faith. *Leavitt*, 171 F.3d at 1224.

Here, the factors support dismissal of the Debtor's case for bad faith. First, this is the third bankruptcy case filed relating to the Property in the last four years and the debtor's fourth bankruptcy. Exhibits A & E-G. None of the bankruptcy cases relating to the Property have yet to be successfully prosecuted, and three of the cases were filed within days of a scheduled foreclosure sale on the Property. *See id.*

In addition, to date the Debtor has not appeared for his § 341(a) meeting nor responded to the Letter. Cruz Dec. ¶¶5-6. The Debtor's prior bankruptcy case was dismissed based on his failure to appear at the § 341(a) meeting. Exhibit G at 159. Accordingly, the Debtor has knowledge of what will happen if he fails to appear at the § 341(a) meeting.

The timing of the filing of this case in relationship to the scheduled foreclosure sale of the Property, the history of failed bankruptcies, and the Debtor's failure to appear at his § 341(a) meeting and respond to the U.S. Trustee's request for information, support a finding that this case has been filed in order to improperly obtain protection from the Bankruptcy Code and to buy time with no intent to reorganize the Debtor's debts. Based on the foregoing, the U.S. Trustee requests that the Court dismiss this case for bad faith pursuant to § 707(b)(3)(A).

3.    The Debtor's Bad Faith Justifies Dismissal with a Bar to Refiling

Section 349(a) of the Bankruptcy Code empowers bankruptcy courts to enjoin future filings if cause exists to do so. 11 U.S.C. § 349(a). That section provides that dismissal of a case does not prejudice the debtor with regard to the filing of a subsequent petition, "[u]nless the

6

court, for cause, orders otherwise." *Id*. Accordingly, where cause exists, the court may restrict the debtor from future filings. *Leavitt*, 171 F.3d at 1223-24. In addition, § 105(a) permits a bankruptcy court to enter any order necessary to carry out the provisions of the Code and to prevent an abuse of the bankruptcy process. 11 U.S.C. § 105(a).

It seems clear that the Debtor has no intention of accessing bankruptcy protection for any legitimate purpose, and this case was filed to stop the foreclosure action of the Property. Based on the Debtor's bankruptcy documents, his failure to appear for his § 341(a) meeting, and the history of filings and dismissals relating to the Property, there is evidence to show that the Debtor is simply using bankruptcy as a way to prevent BofA from going forward with the foreclosure sale. If the Debtor's case is dismissed without a bar to refiling, the Debtor could immediately refile for bankruptcy for an illegitimate purpose with no intent to reorganize or liquidate his debt. Accordingly, the U.S. Trustee requests that the Court issue an order prohibiting the Debtor from refiling for bankruptcy in any chapter, absent prior permission of this Court, for a period of one year.

## III.    CONCLUSION

For all of the forgoing reasons, this case should be dismissed pursuant Bankruptcy Code under § 707(b)(3)(A) with a one-year bar to refiling.

DATED: April 29, 2020                          UNITED STATES TRUSTEE

By: */s/ Katherine C. Bunker*
    Katherine C. Bunker
    Attorney for the U.S. Trustee

## DECLARATION OF SANDRA A. CRUZ

I, Sandra A. Cruz, declare

1.     I am a Bankruptcy Paralegal with the Woodland Hills, California office of the United States Trustee, and am the Paralegal assigned to this bankruptcy case.  I am over the age of eighteen and have personal knowledge of the facts set forth herein and submit this declaration to put the following documents before the Court.

2.     Attached hereto as Exhibit A is a true copy of the Court's electronic docket for this case, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

3.     Attached hereto as Exhibit B is a true copy of the petition and related documents filed by the Debtor on January 28, 2020, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

4.     Attached hereto as Exhibit C is a true copy of the Schedule H, Schedule I, Schedule J, Chapter 7 Statement of Current Monthly Income, Statement of Exemption from Presumption of Abuse under § 707(b)(2), and Chapter 7 Means Test Calculation filed by the Debtor on February 6, 2020, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

5.     On February 12, 2020, I sent the Debtor a letter requesting that he provide additional information about the Debtor's and his spouse's income, the Debtor's dependents, the car payment listed on Schedule J, whether any foreclosure action was pending as to the Property, a copy of the rental agreement, and copies of bank statements (the "Letter").  The Letter requested a response by February 27, 2020.  To date, I have not received any response to the Letter.

6.     I also reviewed the recordings for the Debtor's meeting of creditors held on March 9, 2020 and April 24, 2020.  The Debtor failed to appear at each of these meetings.

7.     Attached hereto as Exhibit D is a true copy of the relief from stay motion filed by Bank of America. on March 17, 2020, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

8

8.      Attached hereto as Exhibit E is a true copy of the Court's electronic docket for the case of *In re Afsaneh Doost*, case number 1:11-bk-22838-MT, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

9.      Attached hereto as Exhibit F is a true copy of the Court's electronic docket for the case of *In re Afsaneh Doost*, case number 1:16-bk-10078-MT, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

10.      Attached hereto as Exhibit G is a true copy of the Court's electronic docket for the case of *In re Afsaneh Doost*, case number 1:19-bk-12284-MT, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on April 29, 2020, in Los Angeles, California.

_____
Sandra A. Cruz

**Exhibit A**

**Repeat-cacb, RepeatPACER, NOCLOSE**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Bankruptcy Petition #: 1:20-bk-10213-MT

|  |  |
|---|---|
| | *Date filed:* 01/28/2020 |
| *Assigned to:* Maureen Tighe | *341 meeting:* 05/29/2020 |
| Chapter 7 | *Deadline for objecting to discharge:* 05/08/2020 |
| Voluntary | *Deadline for financial mgmt. course:* 05/08/2020 |
| No asset | |

*Debtor*                                                    represented by **Afsaneh Doost**
**Afsaneh Doost**                                                              PRO SE
4567 White Oak Pl
Encino, CA 91316
LOS ANGELES-CA
818-344-5784
SSN / ITIN: xxx-xx-1679

*Trustee*
**David Keith Gottlieb (TR)**
16255 Ventura Boulevard, Suite 440
Encino, CA CA 91436
(818) 539-7720

*U.S. Trustee*
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 01/28/2020 | 1<br>(43 pgs; 4 docs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Afsaneh Doost Schedule I: Your Income (Form 106I) due 2/11/2020. Schedule J: Your Expenses (Form 106J) due 2/11/2020. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 2/11/2020. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 2/11/2020. Chapter 7 Means Test Calculation (Form 122A-2) Due: 2/11/2020. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by |

000010

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)    Page 2 of 5
Case 1:20-bk-10213-MT   Doc 21   Filed 04/29/20   Entered 04/29/20 13:08:38   Desc
Main Document    Page 12 of 170

| | | |
|---|---|---|
| | | 2/11/2020. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 2/11/2020. Incomplete Filings due by 2/11/2020. (Kinsley, Terri) (Entered: 01/28/2020) |
| 01/28/2020 | | Judge Maureen Tighe added to case due to prior related case 1:bk-19-12284-MT. (Kinsley, Terri) (Entered: 01/28/2020) |
| 01/28/2020 | 2 (3 pgs) | Meeting of Creditors 341(a) meeting to be held on 3/9/2020 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Cert. of Financial Management due by 5/8/2020. Last day to oppose discharge or dischargeability is 5/8/2020. (Kinsley, Terri) (Entered: 01/28/2020) |
| 01/28/2020 | 3 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Afsaneh Doost . (Kinsley, Terri) (Entered: 01/28/2020) |
| 01/28/2020 | 4 (1 pg) | Certificate of Credit Counseling Filed by Debtor Afsaneh Doost . (Kinsley, Terri) (Entered: 01/28/2020) |
| 01/28/2020 | | Receipt of Chapter 7 Filing Fee - $335.00 by 16. Receipt Number 10075147. (admin) (Entered: 01/28/2020) |
| 01/28/2020 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) Schedule H: Your Codebtors (Form 106H or 206H) due 2/11/2020. (Kinsley, Terri) (Entered: 01/29/2020) |
| 01/29/2020 | | Notice of Debtor's Prior Filings for debtor Afsaneh Doost Case Number 16-10078, Chapter 7 filed in California Central Bankruptcy on 01/12/2016; Case Number 19-12284, Chapter 7 filed in California Central Bankruptcy on 09/11/2019 , Dismissed for Other Reason on 12/10/2019; Case Number 11-22838, Chapter 7 filed in California Central Bankruptcy on 11/03/2011 , Dismissed for Failure to File Information on 11/22/2011.(Admin) (Entered: 01/29/2020) |
| 01/29/2020 | 5 (1 pg) | |

| | | |
|---|---|---|
| | | Request for courtesy Notice of Electronic Filing (NEF) Filed by Schild, Avi. (Schild, Avi) (Entered: 01/29/2020) |
| 01/29/2020 | [6](#)<br>(1 pg) | Amended ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related document(s)[1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) (Kinsley, Terri) (Entered: 01/29/2020) |
| 01/30/2020 | [7](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s) [2](#) Meeting of Creditors Chapter 7 No Asset) No. of Notices: 11. Notice Date 01/30/2020. (Admin.) (Entered: 01/30/2020) |
| 01/30/2020 | [8](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) [1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) No. of Notices: 1. Notice Date 01/30/2020. (Admin.) (Entered: 01/30/2020) |
| 01/30/2020 | [9](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) [1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) No. of Notices: 1. Notice Date 01/30/2020. (Admin.) (Entered: 01/30/2020) |
| 01/31/2020 | [10](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) [6](#) Amended ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 01/31/2020. (Admin.) (Entered: 01/31/2020) |
| 02/06/2020 | [11](#)<br>(18 pgs) | Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Exemption is not being requested. (Official Form 122A-1Supp) , Chapter 7 Means Test Calculation (Official Form 122A-2) (BNC Option) Filed by Debtor Afsaneh Doost (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco)). (Toomer, Rosalind) (Entered: 02/06/2020) |
| 02/06/2020 | [12](#)<br>(1 pg) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Afsaneh Doost (RE: related document(s)[1](#) Voluntary |

000012

| | | |
|---|---|---|
| | | Petition (Chapter 7)). (Toomer, Rosalind) (Entered: 02/07/2020) |
| 02/06/2020 | 13 (2 pgs) | Notice of Change of Address for creditor AWA Collections and Behrouz Lalezarzadeh. Filed by Debtor Afsaneh Doost . (Toomer, Rosalind) (Entered: 02/07/2020) |
| 03/09/2020 | 14 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee David Keith Gottlieb (TR). 341(a) Meeting Continued to 04/24/2020 at 10:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. (Gottlieb (TR), David) (Entered: 03/09/2020) |
| 03/17/2020 | 15 (64 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4567 White Oak Place, Los Angeles, CA 91316-4334 . Fee Amount $181, Filed by Creditor BANK OF AMERICA, N.A. (Attachments: # 1 Exhibit) (Khil, Christina) (Entered: 03/17/2020) |
| 03/17/2020 | | Receipt of Motion for Relief from Stay - Real Property(1:20-bk-10213-MT) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 50838535. Fee amount 181.00. (re: Doc# 15) (U.S. Treasury) (Entered: 03/17/2020) |
| 03/17/2020 | 16 | Hearing Set (RE: related document(s)15 Motion for Relief from Stay - Real Property filed by Creditor BANK OF AMERICA, N.A.) The Hearing date is set for 4/8/2020 at 10:00 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Gonzalez, Emma) (Entered: 03/17/2020) |
| 04/09/2020 | 17 (4 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 15 ) Signed on 4/9/2020 (Gonzalez, Emma) (Entered: 04/09/2020) |
| 04/11/2020 | 18 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)17 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 04/11/2020. (Admin.) (Entered: 04/11/2020) |

000013

| 04/27/2020 | 19 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee David Keith Gottlieb (TR). 341(a) meeting to be held on 05/29/2020 at 10:30 AM (check with U.S. Trustee for location). (Gottlieb (TR), David) (Entered: 04/27/2020) |
| 04/27/2020 | 20 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 04/27/2020) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/29/2020 09:04:20 | | | |
| **PACER Login:** | du7383:3254625:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-bk-10213-MT Fil or Ent: filed To: 4/29/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

000014

**Exhibit B**

Fill in this information to identify your case:

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☑ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

**FILED**

**JAN 2 8 2020**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Afsaneh**<br>First name<br><br>Middle name<br><br>**Doost**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-1679 | |

000015

Debtor 1    __Afsaneh Doost_____    Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years** | ■ I have not used any business name or EINs. | ☐ I have not used any business name or EINs. |
| Include trade names and *doing business as* names | Business name(s) | Business name(s) |
| | EINs | EINs |

**5.** **Where you live**

About Debtor 1:

**4567 White Oak Place**
**Encino, CA 91316**
Number, Street, City, State & ZIP Code

**Los Angeles**
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

Number, Street, City, State & ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
   Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
   Explain. (See 28 U.S.C. § 1408.)

000016

Debtor 1    **Afsaneh Doost**                                              Case number *(if known)* _____

| **Part 2:** | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.** The chapter of the Bankruptcy Code you are choosing to file under

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8.** How you will pay the fee

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** Have you filed for bankruptcy within the last 8 years?

- ☐ No.
- ■ Yes.

| District | **CDCA-SFV** | When | **9/11/19** | Case number | **1:19-bk-12284MT** |
|---|---|---|---|---|---|
| District | **CDCA-SV** | When | **1/12/16** | Case number | **1:16-bk-10078** |
| District | **See Attachment** | When | | Case number | |

**10.** Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?

- ■ No
- ☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11.** Do you rent your residence?

- ■ No.    Go to line 12.
- ☐ Yes.    Has your landlord obtained an eviction judgment against you?
  - ☐ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

**000017**

Debtor 1   **Afsaneh Doost**

Case number *(if known)*

---

| **Part 3:** | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ **No.**   Go to Part 4.

☐ **Yes.**   Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor,* see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

■ **No.**   I am not filing under Chapter 11.

☐ **No.**   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ **No.**

☐ **Yes.**   What is the hazard?

_____

If immediate attention is needed, why is it needed?

_____

Where is the property?

_____
Number, Street, City, State & Zip Code

---

000018

Debtor 1    **Afsaneh Doost**                                                    Case number *(if known)*

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

000019

Debtor 1   **Afsaneh Doost**                                     Case number *(if known)* _____

<table>
<tr><td colspan="2" style="background:black;color:white">**Part 6:**   Answer These Questions for Reporting Purposes</td></tr>
</table>

| 16. | What kind of debts do you have? | 16a. | **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
| | | | ☐ No. Go to line 16b. |
| | | | ■ Yes. Go to line 17. |
| | | 16b. | **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment. |
| | | | ☐ No. Go to line 16c. |
| | | | ☐ Yes. Go to line 17. |
| | | 16c. | State the type of debts you owe that are not consumer debts or business debts |

| 17. | Are you filing under Chapter 7? | ☐ No. | I am not filing under Chapter 7. Go to line 18. |
| | Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors? | ■ Yes. | I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors? |
| | | | ■ No |
| | | | ☐ Yes |

| 18. | How many Creditors do you estimate that you owe? | ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| | | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☐ 200-999 | | |

| 19. | How much do you estimate your assets to be worth? | ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| 20. | How much do you estimate your liabilities to be? | ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

<table>
<tr><td colspan="2" style="background:black;color:white">**Part 7:**   Sign Below</td></tr>
</table>

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

_A. Doost_
**Afsaneh Doost**
Signature of Debtor 1                                          Signature of Debtor 2

Executed on   **January 28, 2020**                            Executed on _____
              MM / DD / YYYY                                              MM / DD / YYYY

000020

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 6

Debtor 1    **Afsaneh Doost**    Case number *(if known)*

| | |
|---|---|
| **For you if you are filing this bankruptcy without an attorney** | The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.** |
| **If you are represented by an attorney, you do not need to file this page.** | To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay. |

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
■ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
■ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☐ No
■ Yes    Name of Person    **Afsaneh Doost**
Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

| | |
|---|---|
| *Afsaneh Doost* | |
| **Afsaneh Doost** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Date  **January 28, 2020** | Date |
| MM / DD / YYYY | MM / DD / YYYY |
| Contact phone _____ | Contact phone _____ |
| Cell phone _____ | Cell phone _____ |
| Email address _____ | Email address _____ |

000021

Debtor 1    **Afsaneh Doost**                                    Case number (if known)

| Fill in this information to identify your case: |
| --- |

Debtor 1    **Afsaneh Doost**
           First Name        Middle Name        Last Name

Debtor 2
(Spouse if, filing)    First Name        Middle Name        Last Name

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
   amended filing

# FORM 101. VOLUNTARY PETITION

## Prior Bankruptcy Cases Filed Attachment

| District | Case Number | Date Filed |
| --- | --- | --- |
| CDCA-SFV | 1:19-bk-12284MT | 9/11/19 |
| CDCA-SV | 1:16-bk-10078 | 1/12/16 |
| CDCA-SFV | 1:11-bk-22838 | 11/03/11 |

000022

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
**Please see pacer print out attached**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
**NONE**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
**NONE**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
**NONE**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Encino** _____ , California.

Date:   **January 28, 2020** _____

**Afsaneh Doost**
Signature of Debtor 1

_____
Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                    Page 1          **F 1015-2.1.STMT.RELATED.CASES**
                                                          000023

Case 1:20-bk-10221-NWT Doc 21 Filed 04/29/20 Entered 04/29/20 14:46:23 Desc
Main Document Page 26 of 170

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Afsaneh Doost** |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information      12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

### Part 1:   Summarize Your Assets

|  | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B.............................................. | $  1,550,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B...................................... | $  13,093.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B................................................ | $  1,563,093.00 |

### Part 2:   Summarize Your Liabilities

|  | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D*... | $  1,493,000.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................. | $  0.00 |
| | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $  66,683.52 |

**Your total liabilities** | $  1,559,683.52

### Part 3:   Summarize Your Income and Expenses

|  | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*............................................... | $  12,380.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*............................................. | $  10,587.00 |

### Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum      Summary of Your Assets and Liabilities and Certain Statistical Information      page 1 of 2

000024

Debtor 1    **Afsaneh Doost**                                             Case number *(if known)*

| | | | |
|---|---|---|---|
| 8. | From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14. | $ | 5,980.00 |

9.  Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

| From Part 4 on *Schedule E/F,* copy the following: | Total claim | |
|---|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ | 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ | 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ | 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ | 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ | 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ | 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ | 0.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

000025

Fill in this information to identify your case and this filing:

| Debtor 1 | **Afsaneh Doost** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
■ Yes. Where is the property?

| 1.1 | **4567 White Oak PLC** | **What is the property?** Check all that apply | | |
|---|---|---|---|---|
| | Street address, if available, or other description | ■ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
| | | ☐ Duplex or multi-unit building | | |
| | | ☐ Condominium or cooperative | | |
| | **Encino** **CA** **91316-0000** | ☐ Manufactured or mobile home | Current value of the entire property? | Current value of the portion you own? |
| | City State ZIP Code | ☐ Land | $1,550,000.00 | $1,550,000.00 |
| | | ☐ Investment property | | |
| | | ☐ Timeshare | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. | |
| | | ☐ Other _____ | | |
| | **Los Angeles** | **Who has an interest in the property?** Check one | **Fee simple** | |
| | County | ■ Debtor 1 only | | |
| | | ☐ Debtor 2 only | | |
| | | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property | |
| | | ☐ At least one of the debtors and another | (see instructions) | |
| | | Other information you wish to add about this item, such as local property identification number: | | |

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here......................................................=>

$1,550,000.00

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

■ No
☐ Yes

Debtor 1   **Afsaneh Doost**                                    Case number *(if known)*

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here...........................................=>

   | |
   |---|
   | **$0.00** |

**Part 3:**  Describe Your Personal and  Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

   | Personal furniture and household goods | $3,750.00 |
   |---|---|

   | Personal household goods, electronics and other appliances | $9,250.00 |
   |---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ■ No
   ☐ Yes.  Describe.....

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ■ No
    ☐ Yes.  Describe.....

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes.  Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes.  Describe.....

Official Form 106A/B                    Schedule A/B: Property                    page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1  **Afsaneh Doost**                                          Case number *(if known)*

14. **Any other personal and household items you did not already list, including any health aids you did not list**
☑ No
☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................

**$13,000.00**

**Part 4:**  Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☑ No
☐ Yes.................................................................................

17. **Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
☑ Yes.....................

Institution name:

17.1.                          **Checking account Wells Fargo Bank**                          **$93.00**

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
☑ No
☐ Yes.................

Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
☑ No
☐ Yes. Give specific information about them...................
Name of entity:                                          % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
☑ No
☐ Yes. Give specific information about them
Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
☑ No
☐ Yes. List each account separately.
Type of account:                          Institution name:

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
☑ No
☐ Yes. ....................
Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
☑ No
☐ Yes............  Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

Official Form 106A/B                          Schedule A/B: Property                          page 3

Debtor 1    **Afsaneh Doost**                                   Case number *(if known)*

■ No
☐ Yes............. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes. Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
   ■ No
   ☐ Yes. Give specific information..

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.
   Company name:                          Beneficiary:                     Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
   ■ No
   ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   ■ No
   ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ■ No
   ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
   ■ No
   ☐ Yes. Give specific information..

Official Form 106A/B                              Schedule A/B: Property                                      page 4

Debtor 1    **Afsaneh Doost**                                          Case number *(if known)*

---

36.  **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**
     **for Part 4. Write that number here**..................................................................................................

     <div style="text-align:right">**$93.00**</div>

---

**Part 5:**   **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

---

37.  **Do you own or have any legal or equitable interest in any business-related property?**
     ■ No. Go to Part 6.
     ☐ Yes.  Go to line 38.

**Part 6:**   **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
             If you own or have an interest in farmland, list it in Part 1.

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
     ■ No. Go to Part 7.
     ☐ Yes.  Go to line 47.

**Part 7:**   **Describe All Property You Own or Have an Interest in That You Did Not List Above**

53.  **Do you have other property of any kind you did not already list?**
     *Examples:* Season tickets, country club membership
     ■ No
     ☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here**  ...................................

     <div style="text-align:right">**$0.00**</div>

**Part 8:**   **List the Totals of Each Part of this Form**

| | | |
|---|---|---:|
| 55. | **Part 1: Total real estate, line 2**  ....................................................................................... | **$1,550,000.00** |
| 56. | **Part 2: Total vehicles, line 5** | $0.00 |
| 57. | **Part 3: Total personal and household items, line 15** | $13,000.00 |
| 58. | **Part 4: Total financial assets, line 36** | $93.00 |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 |
| 61. | **Part 7: Total other property not listed, line 54**                               + | $0.00 |
| 62. | **Total personal property. Add lines 56 through 61**... | **$13,093.00**   Copy personal property total   **$13,093.00** |
| 63. | **Total of all property on Schedule A/B. Add line 55 + line 62** | **$1,563,093.00** |

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

000030

<table>
<tr><td colspan="3">Fill in this information to identify your case:</td></tr>
<tr><td>Debtor 1</td><td colspan="2"><b>Afsaneh Doost</b></td></tr>
<tr><td></td><td>First Name</td><td>Middle Name        Last Name</td></tr>
<tr><td>Debtor 2<br>(Spouse if, filing)</td><td>First Name</td><td>Middle Name        Last Name</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td colspan="2">CENTRAL DISTRICT OF CALIFORNIA</td></tr>
<tr><td>Case number<br>(if known)</td><td></td><td></td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt
4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim.** One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **4567 White Oak PLC Encino, CA 91316  Los Angeles County**<br>Line from *Schedule A/B*: **1.1** | $1,550,000.00 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(1) |
| **Checking account Wells Fargo Bank**<br>Line from *Schedule A/B*: **17.1** | $93.00 | ■ $93.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Single Family Residence 4567 White Oak Pl. Encino, CA  91316**<br>Line from *Schedule A/B*: | $1,250,000.00 | ■ $100,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(1) |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☐ No

   ☐ Yes

| Fill in this information to identify your case: | | |
|---|---|---|
| **Debtor 1** | **Afsaneh Doost** | |
| | First Name | Middle Name | Last Name |
| **Debtor 2** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number (if known) | | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:   List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

|  | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|
| **2.1** | **Bank Of America** | $1,493,000.00 | $1,550,000.00 | $0.00 |

| | |
|---|---|
| Creditor's Name<br><br>**1800 Tapo Canyon Rd.<br>Simi Valley, CA 93063**<br>Number, Street, City, State & Zip Code | **Describe the property that secures the claim:**<br>**4567 White Oak PLC Encino, CA<br>91316  Los Angeles County**<br><br>**As of the date you file, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| **Who owes the debt?** Check one.<br>☒ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ Check if this claim relates to a community debt | **Nature of lien.** Check all that apply.<br>☒ An agreement you made (such as mortgage or secured car loan)<br>☐ Statutory lien (such as tax lien, mechanic's lien)<br>☐ Judgment lien from a lawsuit<br>☐ Other (including a right to offset) |
| Date debt was incurred | Last 4 digits of account number |

Add the dollar value of your entries in Column A on this page. Write that number here:   **$1,493,000.00**

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:   **$1,493,000.00**

### Part 2:   List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

000032

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Afsaneh Doost** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims against you?

☐ No. Go to Part 2.
☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
☐ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  |  | Total claim |
|---|---|---|---|
| **4.1** | **AFNI** | Last 4 digits of account number    4430 | **$68.21** |

| | |
|---|---|
| Nonpriority Creditor's Name | |
| **404 Brock Dr.** | When was the debt incurred? |
| **Bloomington, IL 61702** | |
| Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply |
| Who incurred the debt? Check one. | |
| ■ Debtor 1 only | ☐ Contingent |
| ☐ Debtor 2 only | ☐ Unliquidated |
| ☐ Debtor 1 and Debtor 2 only | ☐ Disputed |
| ☐ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: |
| ☐ Check if this claim is for a community debt | ☐ Student loans |
| Is the claim subject to offset? | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims |
| ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts |
| ☐ Yes | ■ Other. Specify    Credit Card Lasyt used 2009 |

Debtor 1  **Afsaneh Doost**                                               Case number *(if known)* _____

| 4.2 | **AWA Collections** | Last 4 digits of account number | **4250** | **$4,812.00** |

Nonpriority Creditor's Name
**P.O. Box 5545**
**Lake Forest, CA 92630**

When was the debt incurred?

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify  **Credit Card  Last used 02/2009**

---

| 4.3 | **Behrouz Lalezarzadeh** | Last 4 digits of account number | **3407** | **$2,440.00** |

Nonpriority Creditor's Name
**419 Clark St.**
**CA 91211**

When was the debt incurred?  **06/05/18**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify  **claim for deposit**

---

| 4.4 | **CHASE** | Last 4 digits of account number | **9052** | **$869.94** |

Nonpriority Creditor's Name
**P.O. Box 94014**
**Palatine, IL 60094**

When was the debt incurred?

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify  **credit card last used 11/09**

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

000034

Debtor 1    **Afsaneh Doost**                                    Case number (if known) _____

| 4.5 | **credence** | | Last 4 digits of account number _____ | | $0.00 |

Nonpriority Creditor's Name
**17000 dallas pkwy**
**Dallas, TX 75248**
Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Contingent

☐ Debtor 1 and Debtor 2 only

☐ Unliquidated

☐ At least one of the debtors and another

☐ Disputed

☐ Check if this claim is for a community debt

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify _____

---

| 4.6 | **DWP** | | Last 4 digits of account number **1000** | | $2,317.00 |

Nonpriority Creditor's Name

**111 N. Hope St.**
**Los Angeles, CA 90012**
Number Street City State Zip Code

When was the debt incurred? **09/10/2019**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Contingent

☐ Debtor 1 and Debtor 2 only

☐ Unliquidated

☐ At least one of the debtors and another

☐ Disputed

☐ Check if this claim is for a community debt

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Water and Electricity Bill**

---

| 4.7 | **Equitable Accent Financial, LLC** | | Last 4 digits of account number **4237** | | $4,429.00 |

Nonpriority Creditor's Name
**5030 Camiono De La Siesta #340**
**San Diego, CA 92108**
Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Contingent

☐ Debtor 1 and Debtor 2 only

☐ Unliquidated

☐ At least one of the debtors and another

☐ Disputed

☐ Check if this claim is for a community debt

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Credit card assigned to collection**

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Afsaneh Doost**    Case number *(if known)* _____

| 4.8 | **Haleh mansouri** | Last 4 digits of account number | **Doost** | **$2,300.00** |

Nonpriority Creditor's Name
**624 S. Grand Ave., 32200**
**Los Angeles, CA 90017**
When was the debt incurred?    **2010**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only          ☐ Contingent
- ☐ Debtor 1 and Debtor 2 only          ☐ Unliquidated
- ☐ At least one of the debtors and another          ☐ Disputed
- ☐ Check if this claim is for a community debt          **Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**          ☐ Student loans

- ■ No          ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Yes          ☐ Debts to pension or profit-sharing plans, and other similar debts
          ■ Other. Specify    **legal Fees**

---

| 4.9 | **LCO Pool & Spa** | Last 4 digits of account number | | **$0.00** |

Nonpriority Creditor's Name
**P.O. Box 7115**
**Van Nuys, CA 91409**
When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only          ☐ Contingent
- ☐ Debtor 1 and Debtor 2 only          ☐ Unliquidated
- ☐ At least one of the debtors and another          ☐ Disputed
- ☐ Check if this claim is for a community debt          **Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**          ☐ Student loans

- ■ No          ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Yes          ☐ Debts to pension or profit-sharing plans, and other similar debts
          ■ Other. Specify    **pool service**

---

| 4.10 | **Linden Trust** | Last 4 digits of account number | **2319** | **$20,000.00** |

Nonpriority Creditor's Name
**7215 Canby Ave.**
**Reseda, CA 91335**
When was the debt incurred?    **01/19/2019**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only          ☐ Contingent
- ☐ Debtor 1 and Debtor 2 only          ☐ Unliquidated
- ☐ At least one of the debtors and another          ☐ Disputed
- ☐ Check if this claim is for a community debt          **Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**          ☐ Student loans

- ■ No          ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Yes          ☐ Debts to pension or profit-sharing plans, and other similar debts
          ■ Other. Specify    **personal loan**

---

Debtor 1    **Afsaneh Doost**                                      Case number (if known) _____

<table>
<tr><td>4.1<br>1</td><td><b>Michael S. Hunt</b><br>Nonpriority Creditor's Name<br><b>151 Bernal Road #8</b><br><b>San Jose, CA 95119</b><br>Number Street City State Zip Code</td><td>Last 4 digits of account number    <b>8943</b> ___</td><td style="text-align:right"><b>$21,613.39</b></td></tr>
</table>

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **credit card debt assigned to collection reduced to judgment**

---

<table>
<tr><td>4.1<br>2</td><td><b>Mohammad Hassani</b><br>Nonpriority Creditor's Name<br><b>301E. Carolina St. #201</b><br><b>Marion, OH 43301</b><br>Number Street City State Zip Code</td><td>Last 4 digits of account number    ___</td><td style="text-align:right"><b>$850.00</b></td></tr>
</table>

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

<table>
<tr><td>4.1<br>3</td><td><b>Nordstrom/ Faicollect Inc</b><br>Nonpriority Creditor's Name<br><b>P.O. Box 7148</b><br><b>Bellevue, WA 98008</b><br>Number Street City State Zip Code</td><td>Last 4 digits of account number    <b>0098</b> ___</td><td style="text-align:right"><b>$475.00</b></td></tr>
</table>

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card Last used 11/09**

---

Debtor 1   **Afsaneh Doost**                                         Case number *(if known)* _____

| 4.1 4 | **Sears Gold Master Card** | Last 4 digits of account number | **0917** | | **$5,177.45** |

Nonpriority Creditor's Name
**726 Echange Street #700**
**Buffalo, NY 14210**
Number Street City State Zip Code

When was the debt incurred?   _____

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify _____

| 4.1 5 | **T Mobile** | Last 4 digits of account number | **9363** | | **$1,331.53** |

Nonpriority Creditor's Name
**P. O. Box 51843**
**Los Angeles, CA 90051**
Number Street City State Zip Code

When was the debt incurred?   **04/13/2017**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify _____

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  |  | **Total Claim** |
|---|---|---|---|---|
| Total claims from Part 1 | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |
|  |  |  |  | **Total Claim** |
| Total claims from Part 2 | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |

Debtor 1    **Afsaneh Doost**                                    Case number (if known) _____

|  | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 66,683.52 |
|--|-----|--------------------------------------------------------------------------------|-----|---|-----------|
|  | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 66,683.52 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Afsaneh Doost** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |

**2.1**

Name

Number    Street

City     State     ZIP Code

**2.2**

Name

Number    Street

City     State     ZIP Code

**2.3**

Name

Number    Street

City     State     ZIP Code

**2.4**

Name

Number    Street

City     State     ZIP Code

**2.5**

Name

Number    Street

City     State     ZIP Code

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

000040

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Afsaneh Doost** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☐ No

☑ Yes. Name of person    **Afsaneh Doost**    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _Afsaneh Doost_    X _____
Signature of Debtor 1    Signature of Debtor 2

Date **January 28, 2020**    Date _____

Official Form 106Dec    Declaration About an Individual Debtor's Schedules

000041

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Afsaneh Doost** |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy          4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:      Give Details About Your Marital Status and Where You Lived Before**

1.  **What is your current marital status?**

    ■ Married
    ☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

    | Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
    |---|---|---|---|

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ☐ No
    ■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2      Explain the Sources of Your Income**

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

    | | Debtor 1 | | Debtor 2 | |
    |---|---|---|---|---|
    | | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
    | For last calendar year: (January 1 to December 31, 2019 ) | ☐ Wages, commissions, bonuses, tips | **$18,400.00** | ☐ Wages, commissions, bonuses, tips | |
    | | ■ Operating a business | | ☐ Operating a business | |

Debtor 1   **Afsaneh Doost**                                    Case number *(if known)*

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and<br>exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions<br>and exclusions) |
| For the calendar year before that:<br>(January 1 to December 31, 2018 ) | ■ Wages, commissions,<br>bonuses, tips | $17,500.00 | ☐ Wages, commissions,<br>bonuses, tips | |
|  | ☐ Operating a business | | ☐ Operating a business | |
| For the calendar year:<br>(January 1 to December 31, 2017 ) | ■ Wages, commissions,<br>bonuses, tips | $16,000.00 | ☐ Wages, commissions,<br>bonuses, tips | |
|  | ☐ Operating a business | | ☐ Operating a business | |

**5.   Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐   No
■   Yes. Fill in the details.

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | **Sources of income**<br>Describe below. | **Gross income from<br>each source**<br>(before deductions and<br>exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions<br>and exclusions) |
| For last calendar year:<br>(January 1 to December 31, 2019 ) | rents | $22,500.00 | | |

<hr>

**Part 3:   List Certain Payments You Made Before You Filed for Bankruptcy**

**6.   Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐   **No.   Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?
☐   No.   Go to line 7.
☐   Yes   List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

■   **Yes.   Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■   No.   Go to line 7.
☐   Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount<br>paid | Amount you<br>still owe | Was this payment for ... |
|---|---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

 000043

Debtor 1    **Afsaneh Doost**    Case number *(if known)*

7.    Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.    Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.    Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| CITIBANK v. Doost, Afsaneh<br>10E08943 | | Superior Court of Los Angeles<br>6230 Sylmar Ave.<br>Van Nuys, CA 91401 | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| Lalezarzadeh v. Afsaneh Doost<br>18VESC03407 | COLLECTION | LASC<br>6230 SYLMAR AVE.<br>Van Nuys, CA 91401 | ☐ Pending<br>☐ On appeal<br>■ Concluded |

10.   Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

11.   Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12.   Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

■ No
☐ Yes

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

000044

Debtor 1   **Afsaneh Doost**                                                    Case number *(if known)*

---

**Part 5:**    List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

Person to Whom You Gave the Gift and Address:

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

Charity's Name
Address (Number, Street, City, State and ZIP Code)

---

**Part 6:**    List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

---

**Part 7:**    List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☑ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

Person's relationship to you

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

Debtor 1    **Afsaneh Doost**                                    Case number *(if known)*

19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

## Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

## Part 9:    Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

■ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

## Part 10:    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

000046

Debtor 1    **Afsaneh Doost**    Case number *(if known)*

---

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

25. Have you notified any governmental unit of any release of hazardous material?

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

### Part 11:    Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

■ No. None of the above applies. Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

■ No
☐ Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

---

Debtor 1    **Afsaneh Doost**                                    Case number *(if known)*

---

<span style="background-color:black;color:white">**Part 12:**</span>    **Sign Below**

---

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers
are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection
with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **Afsaneh Doost** | **Signature of Debtor 2** |
| **Signature of Debtor 1** | |

Date    **January 28, 2020**                    Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☐ No
☑ Yes. Name of Person    **Afsaneh Doost**    . Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

000048

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Afsaneh Doost** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
amended filing

# Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7          **12/15**

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.
You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List Your Creditors Who Have Secured Claims**

1. For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Bank Of America**<br><br>Description of property securing debt: **4567 White Oak PLC Encino, CA 91316  Los Angeles County** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>■ Retain the property and enter into a *Reaffirmation Agreement*.<br>☐ Retain the property and [explain]: | ☐ No<br><br>■ Yes |

**Part 2:    List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:<br>Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name: | ☐ No |

Official Form 108              **Statement of Intention for Individuals Filing Under Chapter 7**              page 1

Debtor 1    __Afsaneh Doost_____    Case number *(if known)* _____

| | |
|---|---|
| Description of leased Property: | ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No |
| | ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No |
| | ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No |
| | ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No |
| | ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No |
| | ☐ Yes |

**Part 3:    Sign Below**

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

X ___*[signature]*_____    X _____

**Afsaneh Doost**    Signature of Debtor 2
Signature of Debtor 1

Date    __January 28, 2020_____    Date _____

Official Form 108    **Statement of Intention for Individuals Filing Under Chapter 7**    page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

000050

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| California State Bar Number:<br><br><br><br><br><br><br><br>■ *Debtor(s) appearing without an attorney*<br>□ *Attorney for Debtor* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Afsaneh Doost**<br><br><br><br><br><br>                                 Debtor(s). | CASE NO.:<br>CHAPTER: **7**<br><br>**VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __3__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: **January 28, 2020**
_____
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: **January 28, 2020**
_____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    **F 1007-1.MAILING.LIST.VERIFICATION**
060051

Afsaneh Doost
4567 White Oak Place
Encino, CA 91316


AFNI
404 Brock Dr.
Bloomington, IL 61702


AWA Collections
P.O. Box 5545
Lake Forest, CA 92630


Bank Of America
1800 Tapo Canyon Rd.
Simi Valley, CA 93063


Behrouz Lalezarzadeh
419 Clark St.
CA 91211


CHASE
P.O. Box 94014
Palatine, IL 60094


credence
17000 dallas pkwy
Dallas, TX 75248


DWP
111 N. Hope St.
Los Angeles, CA 90012

Equitable Accent Financial, LLC
5030 Camiono De La Siesta #340
San Diego, CA 92108

Haleh mansouri
624 S. Grand Ave., 32200
Los Angeles, CA 90017

Jelani Doost
4567 White Oak Plc
Encino, CA 91316

LCO Pool & Spa
P.O. Box 7115
Van Nuys, CA 91409

Linden Trust
7215 Canby Ave.
Reseda, CA 91335

Michael S. Hunt
151 Bernal Road #8
San Jose, CA 95119

Mohammad Hassani
301E. Carolina St. #201
Marion, OH 43301

Nordstrom/ Faicollect Inc
P.O. Box 7148
Bellevue, WA 98008

Sears Gold Master Card
726 Echange Street #700
Buffalo, NY 14210


T Mobile
P. O. Box 51843
Los Angeles, CA 90051

**Exhibit C**

Fill in this information to identify your case:

| Debtor 1 | **Afsaneh Doost** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    1:20-bk-10213 — MT
(if known)

**FILED**

**FEB - 6 2020**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

☐ Check if this is an
amended filing

# Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

☐ No
■ Yes.

In which community state or territory did you live?    -NONE-    . Fill in the name and current address of that person.

Name of your spouse, former spouse, or legal equivalent
Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

Column 1: **Your codebtor**
Name, Number, Street, City, State and ZIP Code

Column 2: **The creditor to whom you owe the debt**
Check all schedules that apply:

| 3.1 | **Jelani Doost**<br>**4567 White Oak Plc**<br>**Encino, CA 91316** | ☐ Schedule D, line _____<br>■ Schedule E/F, line   4.11<br>☐ Schedule G _____<br>**Michael S. Hunt** |
|---|---|---|

**Fill in this information to identify your case:**

Debtor 1    **Afsaneh Doost**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number   **1:20-bk-10213**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter
13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   **Describe Employment**

1. Fill in your employment
information.

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | | Uber Driver | Uber |
| Employer's name | | Golden Age Adult Health | Jay Doost self employed |
| Employer's address | | 18332 Ventura Blvd.<br>Tarzana, CA 91356 | |
| How long employed there? | | 1 year | 26 month |

**Part 2:**   **Give Details About Monthly Income**

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 2,380.00 | $ 4,500.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 2,380.00 | $ 4,500.00 |

Official Form 106I      Schedule I: Your Income      000056 page 1

| Debtor 1 | **Afsaneh Doost** | | Case number (if known) | **1:20-bk-10213** |

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| | Copy line 4 here | | 4. | $ 2,380.00 | $ 4,500.00 |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.      6.   $ 0.00      $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 2,380.00   $ 4,500.00

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm**<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive**<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive**<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income. Specify:** rent from son | 8h.+ | $ 750.00 + | $ 0.00 |
| | rent from daughter | | $ 750.00 | $ 0.00 |
| | Unit rental | | $ 3,000.00 | $ 0.00 |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.      9.   $ 4,500.00      $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.      10.   $ 6,880.00 + $ 4,500.00 = $ 11,380.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
Specify: _____      11.   +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies      12.   $ 11,380.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1 **Afsaneh Doost**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number 1:20-bk-10213
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses                                                                   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1.  **Is this a joint case?**

☐ No. Go to line 2.
☐ Yes. Does Debtor 2 live in a separate household?

☐ No
☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**     ☐ No

| Do not list Debtor 1 and Debtor 2. | ☐ Yes. Fill out this information for each dependent.............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|
| Do not state the dependents names. | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**   ☐ No  ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  |  | | Your expenses |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 6,945.00 |
|  | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. $ | 1,073.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 96.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 25.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

Debtor 1   **Afsaneh Doost**                                          Case number (if known)   **1:20-bk-10213**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 508.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 125.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 128.00 |
| | 6d. | Other. Specify:   **gas** | 6d. $ | 68.00 |
| | | **Internet** | $ | 129.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 600.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 60.00 |
| 10. | **Personal care products and services** | | 10. $ | 120.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare.<br>Do not include car payments. | | 12. $ | 120.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.**<br>Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 0.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.<br>Specify:   **Federal Income Tax** | | 16. $ | 650.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 250.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as<br>deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.**<br>Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 275.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify:   **Home Warranty** | | 21. +$ | 65.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 11,237.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 11,237.00 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 11,380.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 11,237.00 |
| | 23c. Subtract your monthly expenses from your monthly income.<br>The result is your *monthly net income.* | 23c. $ | 143.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.   Explain here:

<table>
<tr><td colspan="2">

**Fill in this information to identify your case:**

Debtor 1    **Afsaneh Doost**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   **1:20-bk-10213**
(if known)

</td><td>

**Check one box only as directed in this form and in Form 122A-1Supp:**

■ 1. There is no presumption of abuse

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

</td></tr>
</table>

## Official Form 122A - 1
# Chapter 7 Statement of Your Current Monthly Income
**12/19**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

**Part 1:**    Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ■ **Married and your spouse is NOT filing with you.** You and your spouse are:

     ■ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

     ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $   1,380.00 | $   4,600.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $    0.00 | $    0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $    0.00 | $    0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $   0.00 | | | |
| Ordinary and necessary operating expenses | -$   0.00 | | | |
| Net monthly income from a business, profession, or farm | $   0.00 | Copy here -> | $    0.00 | $    0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $   0.00 | | | |
| Ordinary and necessary operating expenses | -$   0.00 | | | |
| Net monthly income from rental or other real property | $   0.00 | Copy here -> | $    0.00 | $    0.00 |

| 7. | **Interest, dividends, and royalties** | $    0.00 | $    0.00 |
|---|---|---|---|

| Debtor 1 | **Afsaneh Doost** | Case number *(if known)* | **1:20-bk-10213** |
|---|---|---|---|

|  |  | *Column A*<br>Debtor 1 | *Column B*<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|

8. Unemployment compensation

$ 0.00    $ 0.00

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you                                          $ 0.00

For your spouse                              $ 0.00

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

$ 0.00    $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

$ 0.00    $ 0.00

$ 0.00    $ 0.00

Total amounts from separate pages, if any.    + $ 0.00    $ 0.00

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 1,380.00 + $ 4,600.00 = $ 5,980.00

**Total current monthly income**

| **Part 2:** | Determine Whether the Means Test Applies to You |
|---|---|

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 ............ Copy line 11 here=>    $ 5,980.00

Multiply by 12 (the number of months in a year)    x 12

12b. The result is your annual income for this part of the form    12b. $ 71,760.00

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    CA

Fill in the number of people in your household.    6

Fill in the median family income for your state and size of household.    13. $ 117,512.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ■ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A–2.*
Go to Part 3 and fill out Form 122A–2.

| **Part 3:** | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X *Afsaneh Doost*

**Afsaneh Doost**
Signature of Debtor 1

Date **February 4, 2020**

Debtor 1    **Afsaneh Doost**                                         Case number *(if known)*    **1:20-bk-10213**

MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| Debtor 1 | <u>Afsaneh</u> | | <u>Doost</u> |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

Debtor 2
(Spouse, if filing) First Name              Middle Name              Last Name

United States Bankruptcy Court for the: Central District of California

Case number     <u>1:20-bk-10213</u>
(If known)

☐ Check if this is an amended filing

## Official Form 122A—1Supp

# Statement of Exemption from Presumption of Abuse Under § 707(b)(2)   12/15

**File this supplement together with** *Chapter 7 Statement of Your Current Monthly Income* **(Official Form 122A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 122A-1 if you believe that this is required by 11 U.S.C. § 707(b)(2)(C).**

---

### Part 1:   Identify the Kind of Debts You Have

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the answer you gave at line 16 of the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

   ☐ No.  Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

   ☑ Yes. Go to Part 2.

---

### Part 2:   Determine Whether Military Service Provisions Apply to You

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?

   ☑ No.  Go to line 3.

   ☐ Yes. Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity?
   10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

       ☐ No. Go to line 3.

       ☐ Yes. Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

   ☑ No.  Complete Form 122A-1. Do not submit this supplement.

   ☐ Yes. Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

       ☐ No. Complete Form 122A-1. Do not submit this supplement.

       ☐ Yes. Check any one of the following categories that applies:

           ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and remain on active duty.

           ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and was released from active duty on _____, which is fewer than 540 days before I file this bankruptcy case.

           ☐ **I am performing a homeland defense activity for at least 90 days.**

           ☐ **I performed a homeland defense activity for at least 90 days,** ending on _____, which is fewer than 540 days before I file this bankruptcy case.

   If you checked one of the categories to the left, go to Form 122A-1. On the top of page 1 of Form 122A-1, check box 3, *The Means Test does not apply now,* and sign Part 3. Then submit this supplement with the signed Form 122A-1. You are not required to fill out the rest of Official Form 122A-1 during the exclusion period. The *exclusion period* means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii).

   If your exclusion period ends before your case is closed, you may have to file an amended form later.

---

<table>
<tr><td colspan="2">

**Fill in this information to identify your case:**

Debtor 1    **Afsaneh**        **Doost**
          First Name     Middle Name     Last Name

Debtor 2
(Spouse, if filing)   First Name     Middle Name     Last Name

United States Bankruptcy Court for the: _____ District of _____

Case number   **1:20-bk-10213**
(if known)

</td></tr>
</table>

Check the appropriate box as directed in lines 40 or 42:

According to the calculations required by this Statement:

☑ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☐ Check if this is an amended filing

## Official Form 122A–2
# Chapter 7 Means Test Calculation

04/19

To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Determine Your Adjusted Income |
|---------|--------------------------------|

1. Copy your total current monthly income........................................ Copy line 11 from Official Form 122A-1 here ➡ ........... $ 11,300.00

2. **Did you fill out Column B in Part 1 of Form 122A–1?**

   ☑ No. Fill in $0 for the total on line 3.

   ☐ Yes. Is your spouse filing with you?

       ☐ No. Go to line 3.

       ☐ Yes. Fill in $0 for the total on line 3.

3. **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:

   On line 11, Column B of Form 122A–1, was any amount of the income you reported for your spouse NOT regularly used for the household expenses of you or your dependents?

   ☑ No. Fill in 0 for the total on line 3.

   ☐ Yes. Fill in the information below:

   | State each purpose for which the income was used<br>For example, the income is used to pay your spouse's tax debt or to support people other than you or your dependents | Fill in the amount you are subtracting from your spouse's income |
   |---|---|
   | _____ | $_____ |
   | _____ | $_____ |
   | _____ | + $_____ |
   | Total ................................................. | $ 5,980.00 |

   Copy total here ............ ➡   – $   5,980.00

4. **Adjust your current monthly income.** Subtract the total on line 3 from line 1.

   $_____

| Debtor 1 | Afsaneh | Doost | Case number (if known) 1:20-bk-10213 |
|---|---|---|---|
| | First Name   Middle Name | Last Name | |

## Part 2:   Calculate Your Deductions from Your Income

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted from your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from income in lines 5 and 6 of Form 122A–1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the form refers to *you*, it means both you and your spouse if Column B of Form 122A–1 is filled in.

5. **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

| 4 |
|---|

**National Standards**   You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.   $ _____

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

**People who are under 65 years of age**

7a.   Out-of-pocket health care allowance per person   $ _____ 0.00

7b.   Number of people who are under 65   X _____

7c.   **Subtotal.** Multiply line 7a by line 7b.   $ _____ 0.00   Copy here ➡   $ _____ 0.00

**People who are 65 years of age or older**

7d.   Out-of-pocket health care allowance per person   $ _____ 0.00

7e.   Number of people who are 65 or older   X _____

7f.   **Subtotal.** Multiply line 7d by line 7e.   $ _____ 0.00   Copy here ➡   + $ _____ 0.00

7g.   **Total.** Add lines 7c and 7f............................................................   $ _____ 0.00   Copy total here ➡   $ _____ 0.00

| Debtor 1 | Afsaneh | Doost | | Case number (if known) | 1:20-bk-10213 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Local Standards**    You must use the IRS Local Standards to answer the questions in lines 8-15.

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

■ Housing and utilities – Insurance and operating expenses
■ Housing and utilities – Mortgage or rent expenses

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart.**

To find the chart, go online using the link specified in the separate instructions for this form.
This chart may also be available at the bankruptcy clerk's office.

8. **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses. ................................................................ $ _____

9. **Housing and utilities – Mortgage or rent expenses:**

   9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses. ................................................ $ _____

   9b. Total average monthly payment for all mortgages and other debts secured by your home.

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

   | Name of the creditor | Average monthly payment |
   |---|---|
   | Bank of America | $ 6,980.00 |
   | | $ _____ |
   | | + $ _____ |
   | Total average monthly payment | $ 6,980.00 |

   **Copy here➡** −$ 6,980.00    Repeat this amount on line 33a.

   9c. Net mortgage or rent expense.
   Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0. ................................ $ 6,980.00    **Copy here➡** $ 6,980.00

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.** $ _____

    Explain why: _____

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

    ☑ 0. Go to line 14.
    ☐ 1. Go to line 12.
    ☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area. $ _____

| Debtor 1 | Afsaneh | | Doost | | Case number *(if known)* | 1:20-bk-10213 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1    Describe Vehicle 1:** _____

_____

13a.  Ownership or leasing costs using IRS Local Standard. ..........................    $_____

13b.  Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you filed for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| _____ | $_____ |
| _____ | + $_____ |
| Total average monthly payment | $_____ |

Copy here ➔    – $_____    Repeat this amount on line 33b.

13c.  Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. If this amount is less than $0, enter $0. ...............    $_____

Copy net Vehicle 1 expense here ..... ➔    $_____

**Vehicle 2    Describe Vehicle 2:** _____

_____

13d.  Ownership or leasing costs using IRS Local Standard. ..........................    $_____

13e.  Average monthly payment for all debts secured by Vehicle 2.

Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| _____ | $_____ |
| _____ | + $_____ |
| Total average monthly payment | $_____ |

Copy here ➔    – $_____    Repeat this amount on line 33c.

13f.  Net Vehicle 2 ownership or lease expense

Subtract line 13e from 13d. If this amount is less than $0, enter $0. ...............    $_____

Copy net Vehicle 2 expense here ... ➔    $_____

14. **Public transportation expense**: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.    $_____

15. **Additional public transportation expense**: If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.    $_____

000067

| Debtor 1 | Afsaneh | | Doost | | Case number *(if known)* | 1:20-bk-10213 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**Other Necessary Expenses**  In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.

16. **Taxes:** The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, self-employment taxes, Social Security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

   Do not include real estate, sales, or use taxes.                                                                    $_____

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

   Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.    $_____

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance.  If two married people are filing together, include payments that you make for your spouse's term life insurance.  Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.    $_____

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

   Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.    $_____

20. **Education:** The total monthly amount that you pay for education that is either required:

   ■ as a condition for your job, or

   ■ for your physically or mentally challenged dependent child if no public education is available for similar services.    $_____

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

   Do not include payments for any elementary or secondary school education.                                             $_____

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
   Payments for health insurance or health savings accounts should be listed only in line 25.                            $_____

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.                                                                      +  $_____

   Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122A–1, or any amount you previously deducted.

24. **Add all of the expenses allowed under the IRS expense allowances.**
   Add lines 6 through 23.                                                                                               $_____

Debtor 1    **Afsaneh**          **Doost**                      Case number *(if known)* 1:20-bk-10213
          First Name    Middle Name    Last Name

**Additional Expense Deductions**      These are additional deductions allowed by the Means Test.
                      *Note:* Do not include any expense allowances listed in lines 6-24.

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health
   insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your
   dependents.

   Health insurance                    $_____

   Disability insurance                 $_____

   Health savings account            +  $_____

   Total                      $_____      Copy total here ➔ ......................................   $_____

   Do you actually spend this total amount?

   ☐ No. How much do you actually spend?     $_____
   ☐ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will
   continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your
   household or member of your immediate family who is unable to pay for such expenses. These expenses may include
   contributions to an account of a qualified ABLE program.  26 U.S.C. § 529A(b).                          $_____

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of
   you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
   By law, the court must keep the nature of these expenses confidential.                              $_____

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.
   If you believe that you have home energy costs that are more than the home energy costs included in expenses on line
   8, then fill in the excess amount of home energy costs.
   You must give your case trustee documentation of your actual expenses, and you must show that the additional amount
   claimed is reasonable and necessary.                                              $_____

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $170.83*
   per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public
   elementary or secondary school.
   You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is
   reasonable and necessary and not already accounted for in lines 6-23.                              $_____

   * Subject to adjustment on 4/01/22, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher
   than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the
   food and clothing allowances in the IRS National Standards.                                      $_____
   To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for
   this form. This chart may also be available at the bankruptcy clerk's office.
   You must show that the additional amount claimed is reasonable and necessary.

31.  **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial
   instruments to a religious or charitable organization. 26 U.S.C. § 170(c)(1)-(2).                    +  $_____

32. **Add all of the additional expense deductions.**                                        $_____
   Add lines 25 through 31.

| Debtor 1 | Afsaneh | | Doost | | Case number *(if known)* | 1:20-bk-10213 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

## Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

    **Mortgages on your home:**

    Average monthly payment

33a. Copy line 9b here ........................................................➜  $ _____6,980.00

    **Loans on your first two vehicles:**

33b. Copy line 13b here. .......................................................➜  $ _____

33c. Copy line 13e here. .......................................................➜  $ _____

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| _____ | _____ | ❑ No ❑ Yes | $ _____ |
| _____ | _____ | ❑ No ❑ Yes | $ _____ |
| _____ | _____ | ❑ No ❑ Yes | + $ _____ |

33e. Total average monthly payment. Add lines 33a through 33d. ...................  $ _____   Copy total here ➜   $ _____

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

    ❑ No.  Go to line 35.
    ❑ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| _____ | _____ | $ _____ | ÷ 60 = | $ _____ |
| _____ | _____ | $ _____ | ÷ 60 = | $ _____ |
| _____ | _____ | $ _____ | ÷ 60 = | + $ _____ |
| | | Total | $ _____ | Copy total here ➜   $ _____ |

35. **Do you owe any priority claims such as a priority tax, child support, or alimony — that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

    ❑ No.  Go to line 36.
    ❑ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

    Total amount of all past-due priority claims ......................................  $ _____   ÷ 60 =   $ _____

| Debtor 1 | Afsaneh | Doost | Case number (if known) 1:20-bk-10213 |
|---|---|---|---|
| | First Name    Middle Name | Last Name | |

36. **Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).
For more information, go online using the link for *Bankruptcy Basics* specified in the separate
instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

☐ No. Go to line 37.

☐ Yes. Fill in the following information.

Projected monthly plan payment if you were filing under Chapter 13    $_____

Current multiplier for your district as stated on the list issued by the
Administrative Office of the United States Courts (for districts in Alabama and
North Carolina) or by the Executive Office for United States Trustees (for all
other districts).    x  _____

To find a list of district multipliers that includes your district, go online using the
link specified in the separate instructions for this form. This list may also be
available at the bankruptcy clerk's office.

Average monthly administrative expense if you were filing under Chapter 13    $_____   Copy total here ➜    $_____

37. **Add all of the deductions for debt payment.**
Add lines 33e through 36. ...........................................................................    $_____

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS
expense allowances*.....................................................    $_____

Copy line 32, *All of the additional expense deductions*.........    $_____

Copy line 37, *All of the deductions for debt payment* ............ + $_____

Total deductions    $_____    Copy total here ...............................➜    $_____

**Part 3:**    **Determine Whether There Is a Presumption of Abuse**

39. **Calculate monthly disposable income for 60 months**

39a. Copy line 4, *adjusted current monthly income* .....    $_____

39b. Copy line 38, *Total deductions*..........    − $_____

39c. Monthly disposable income. 11 U.S.C. § 707(b)(2).
Subtract line 39b from line 39a.    $_____    Copy here ➜    $_____

For the next 60 months (5 years) ................................................................    x 60

39d. **Total**. Multiply line 39c by 60. ..................................................    $_____    Copy here ➜    $_____

40. **Find out whether there is a presumption of abuse.** Check the box that applies:

☑ **The line 39d is less than $8,175\*.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to
Part 5.

☐ **The line 39d is more than $13,650\*.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You
may fill out Part 4 if you claim special circumstances. Then go to Part 5.

☐ **The line 39d is at least $8,175\*, but not more than $13,650\*.** Go to line 41.

\* Subject to adjustment on 4/01/22, and every 3 years after that for cases filed on or after the date of adjustment.

Debtor 1    Afsaneh _____ Doost _____    Case number (if known) 1:20-bk-10213
First Name    Middle Name    Last Name

41. 41a. **Fill in the amount of your total nonpriority unsecured debt.** If you filled out *A Summary of Your Assets and Liabilities and Certain Statistical Information Schedules* (Official Form 106Sum), you may refer to line 3b on that form............................................    $_____

x  .25

41b. **25% of your total nonpriority unsecured debt.** 11 U.S.C. § 707(b)(2)(A)(i)(I).
Multiply line 41a by 0.25. ...........................................................    $_____    Copy here ➡    $_____

42. **Determine whether the income you have left over after subtracting all allowed deductions is enough to pay 25% of your unsecured, nonpriority debt.**
Check the box that applies:

☐ **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐ **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

## Part 4:    Give Details About Special Circumstances

43. **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

☑ No.  Go to Part 5.

☐ Yes. Fill in the following information. All figures should reflect your average monthly expense or income adjustment for each item. You may include expenses you listed in line 25.

You must give a detailed explanation of the special circumstances that make the expenses or income adjustments necessary and reasonable. You must also give your case trustee documentation of your actual expenses or income adjustments.

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

## Part 5:    Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ Afsaneh Doost _____    ✗ _____
Signature of Debtor 1    Signature of Debtor 2

Date 02/04/2020 _____    Date _____
MM / DD / YYYY    MM / DD / YYYY

Official Form 122A–2    Chapter 7 Means Test Calculation    page 9

**Exhibit D**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christina J. Khil, #266845<br>Kelli M. Brown, #328176<br>Malcolm ♦ Cisneros, A Law Corporation<br>2112 Business Center Drive, 2nd Floor<br>Irvine, California 92612<br>(Telephone) (949)252-9400<br>(Facsimile) (949)252-1032<br>Email: christinao@mclaw.org | |
| ☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

</div>

| In re:<br>**Afsaneh Doost,** | CASE NO.: **1:20-bk-10213-MT**<br><br>CHAPTER: **7** |
|---|---|
| | <div align="center">**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)**</div> |
| Debtor(s). | DATE: **04/08/2020**<br>TIME: **10:00a.m.**<br>COURTROOM: **302** |
| **Movant:**    **BANK OF AMERICA, N.A.** | |

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4.   When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.   If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.   [X]   This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.   [ ]   This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a.   [ ]   An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.   [ ]   An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   c.   [ ]   An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.


Date: March 17, 2020                          Respectfully submitted,

                                              **MALCOLM & CISNEROS, ALC**
                                              _____
                                              Printed name of law firm (if applicable)

                                              **Christina J. Khil**
                                              _____
                                              Printed name of individual Movant or attorney for Movant


                                              **/s/ Christina J. Khil**
                                              _____
                                              Signature of individual Movant or attorney for Movant

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under
   the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,
   mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (specify):

2. **The Property at Issue (Property):**

   a. Address:

   | | |
   |---|---|
   | *Street address:* | **4567 White Oak Place** |
   | *Unit/suite number.:* | |
   | *City, state, zip code:* | **Los Angeles, CA 91316-4334** |

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust
   (attached as Exhibit "1"):
   **County of Los Angeles; Document Recording Number: 05 1673008 See Exhibit "1"**

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary bankruptcy petition under chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (date) **01/28/2020**.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 Was entered on (date) _____.

   c. ☐ A plan, if any, was confirmed on (date) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

      (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant
   sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
   obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
   commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of
   filing this bankruptcy case.

      (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules
   and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other (see attached continuation page).

(3) ☐ (Chapter 12 or 13 cases only)

    (A) ☐ All payments on account of the Property are being made through the plan.

        ☐ Preconfirmation  ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (date) _____.

    which is ☐ prepetition or ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (specify):

6. **Evidence in Support of Motion: (Declaration(s)** *MUST be signed under penalty of perjury and attached to this motion)*

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as **Exhibit "5"**.

d. ☒ Other: **An Assignment of Deed of Deed of Trust is attached hereto as Exhibit "3".**
          **A loan modification agreement is attached hereto as Exhibit "4".**

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

**Movant requests the following relief:**

1.    Relief from the stay is granted under: [X] 11 U.S.C. § 362(d)(1)   [ ] 11 U.S.C. § 362(d)(2)   [ ] 11 U.S.C. § 362(d)(3).

2. [X]   Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. [X]   Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. [ ]   Confirmation that there is no stay in effect.

5. [ ]   The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. [ ]   The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. [X]   The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. [ ]   A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

     [ ] without further notice, or   [ ] upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. [X]   Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. [ ]   The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

     [ ] without further notice, or   [ ] upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. [ ]   The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

     [ ] without further notice, or   [ ] upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. [ ]   Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. [ ]   If relief from stay is not granted, adequate protection shall be ordered.

14. [X]   See attached continuation page for other relief requested.

     Date: March 17, 2020            Respectfully submitted,

                                         **MALCOLM & CISNEROS, ALC**
                                         Printed name of law firm (if applicable)

                                         **Christina J. Khil**
                                         Printed name of individual Movant or attorney for Movant

                                         **/s/ Christina J. Khil**
                                         Signature of individual Movant or attorney for Movant

## REAL PROPERTY DECLARATION

I, (print name of Declarant)_____Ignacio Alvarado_____, declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

    a.  [ ]  I am the Movant.

    b.  [ ]  I am employed by Movant as (state title and capacity):

    c.  [X]  Other (specify): I am a/an ____Assistant Vice President_____of Bank of America, N.A. ("BANA") and am authorized to sign this declaration on behalf of BANA, as Movant, with respect to the loan subject to the motion for relief from stay (the "Loan"). In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. As part of my job responsibilities for BANA, I am familiar with and have personal knowledge of the information and facts set forth in the books, records and files of BANA that pertain to the Loan and the property securing such loan, and I have personal knowledge of and am familiar with the record-keeping system in use at BANA as it relates to such books, records and files, including but not limited to the procedures for creating such books, records, and files. I have access to and have in preparing this declaration reviewed the books, records and files of BANA that pertain to the Loan and the property securing such Loan.

2.  a.  [X]  I am ~~one of the custodians of~~ **an otherwise qualified witness regarding** the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of BANA on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of BANA's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of BANA by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b.  [ ]  Other (see attached):

3.  The Movant is:

    a.  [ ]  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b.  [X]  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as **Exhibit "1" and Exhibit "3".**

    c.  [ ]  Servicing agent authorized to act on behalf of the:
        [ ]  Holder.
        [ ]  Beneficiary.

    d.  [ ]  Other (specify):

4.  a.  The address of the Property is:
        *Street address:*        **4567 White Oak Place**
        *Unit/suite number.:*
        *City, state, zip code:*    **Los Angeles, CA 91316-4334**

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
        **County of Los Angeles; Document Recording Number: 05 1673008 See Exhibit "1"**

PR/B62941

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 6                                    F 4001-1.RFS.RP.MOTION

000078

5. Type of property (check all applicable boxes):

a. [X] Debtor's principal residence     b. [ ] Other residence
c. [ ] Multi-unit residential     d. [ ] Commercial
e. [ ] Industrial     f. [ ] Vacant land
g. [ ] Other (specify): _____

6. Nature of the Debtor's interest in the Property:

a. [ ] Sole owner
b. [X] Co-owner(s) (specify): _____
c. [ ] Lienholder (specify): _____
d. [ ] Other (specify): _____
e. [X] The Debtor    [X] did [ ] did not  list the Property in the Debtor's schedules.
f. [ ] The Debtor acquired the interest in the Property by [ ] grant deed [ ] quitclaim deed [ ] trust deed.
    The deed was recorded on (date) _____.

7. Movant holds a [X] deed of trust    [ ] judgment lien    [ ] other (specify) _____
that encumbers the Property.

a. [X] A true and correct copy of the document as recorded is attached as Exhibit **"1"**.
b. [X] A true and correct copy of the promissory note or other document that evidences the Movant's claim is
    attached as Exhibit **"2"** and Exhibit **"4"**.
c. [X] A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
    trust to Movant is attached as Exhibit **"3"**.

8. Amount of Movant's claim with respect to the Property:
(as of 03/10/2020)

| | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| a. Principal: | $ | $ | **$1,222,466.32** |
| b. Accrued interest | $ | $ | **$85,217.77** |
| c. Late charges | $ | $ | **$901.78** |
| d. Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | **$7,547.86** |
| e. Advances (property taxes, insurance): | $ | $ | **$17,003.89** |
| f. Less suspense account or partial balance paid: | $[          ] | $[          ] | **$[0.00]** |
| g. TOTAL CLAIM as of (date): **03/10/2020** | $ | $ | **$1,333,137.62** |

h. [ ] Loan is all due and payable because it matured on (date) _____

9. Status of Movant's foreclosure actions relating to the Property (fill the date or check the box confirming no such action
has occurred):
a. Notice of default recorded on (date) **04/04/2019**    or [ ] none recorded.
b. Notice of sale recorded on (date) **08/06/2019**    or [ ] none recorded.
c. Foreclosure sale originally scheduled for (date) **09/12/2019**    or [ ] none scheduled.
d. Foreclosure sale currently scheduled for (date) **04/23/2020\*\***    or [ ] none scheduled.
e. Foreclosure sale already held on (date) _____ or [X] none held.
f. Trustee's deed upon sale already recorded on (date) _____ or [X] none recorded.

***\*\*Subject to change/postponement***

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017      Page 7      F 4001-1.RFS.RP.MOTION

000079

10. Attached (optional) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. [X] (chapter 7 and 11 cases only) Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $10,565.18 for the month of 03/01/2020.

   b. Number of payments that have come due and were not made: 17. Total amount $129,331.94.

   c. Future payments due by time of anticipated hearing date (if applicable):
     An additional payment of $10,911.83 will come due on (date) April 1, 2020, and on the 1st day of each month thereafter. If the payment is not received within ___N/A___ days of said due date, a late charge of $N/A will be charged to the loan.

   d. The fair market value of the Property is $1,550,000.00, established by:

     (1) [ ] An appraiser's declaration with appraisal is attached as Exhibit _____.
     (2) [ ] A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.
     (3) [X] A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as **Exhibit "5"**.
     (4) [ ] Other (specify): _____

   e. **Calculation of equity in Property:**

     Based upon [ ] a preliminary title report or [X] the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (if any) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | **BANK OF AMERICA, N.A.** | $ | $1,333,137.62 |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | **Cost of Sale** | $ | $124,000.00 |
| **TOTAL DEBT:** | **$1,457,137.62** | | |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit "5" and consists of:
     (1) [ ] Preliminary title report.
     (2) [X] Relevant portions of the Debtor's schedules.
     (3) [ ] Other (specify):

   g. [X] **11 U.S.C. § 362(d)(1) - Equity Cushion:**
     I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $216,862.38 and is 13.9% of the fair market value of the Property.

   h. [ ] **11 U.S.C. § 362(d)(2)(A) - Equity:**
     By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
June 2017           Page 8           F 4001-1.RFS.RP.MOTION

000080

i. [X] Estimated costs of sale: $**124,000.00** (estimate based upon **8%** of estimated gross sales price)

j. [ ] The fair market value of the Property is declining because:

12. [ ] (Chapter 12 and 13 cases only) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (or concluded on) the following date: _____
A plan confirmation hearing currently scheduled for (or concluded on) the following date: _____
A plan was confirmed on the following date (if applicable): _____

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                                   $
(For details of type and amount, see Exhibit _____)

e. Attorneys' fees and costs:                                                                              $
(For details of type and amount, see Exhibit _____)

f. Less suspense account or partial paid balance:                               $  [                               ]

TOTAL POSTPETITION DELINQUENCY:                       $

g. Future payments due by time of anticipated hearing date (if applicable): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the day of the month, a late
charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable):
$ _____ received on *(date)* _____
$ _____ received on *(date)* _____
$ _____ received on *(date)* _____

i. [ ] The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit ___. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                        Page 9                                        **F 4001-1.RFS.RP.MOTION**

000081

13.   ☐  Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14.   ☐  The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15.   ☐  The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit .

16.   ☐  Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17.   ☒  The bankruptcy case was filed in bad faith:

    a.  ☐   Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b.  ☒   Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c.  ☐   The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d.  ☐   Other (specify):

18.   ☒  The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a.  ☐   The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.  ☒   Multiple bankruptcy cases affecting the Property include:

        1.   Case name: **Afsaneh Doost**

            Chapter: 7          Case number:    **1:19-bk-12284-MT**

            Date filed: **09/11/2019**    Date discharged:         Date dismissed:  **12/10/2019**

            Relief from stay regarding the Property  ☒ was  ☐ was not  granted.

        2   Case name: **Afsaneh Doost**

            Chapter: 7          Case number:    **1:16-bk-10078-MT**

            Date filed:**1/12/2016**    Date discharged:         Date dismissed:  **\*Closed without discharge on 5/27/2016.**

            Relief from stay regarding the Property  ☒ was  ☐ was not  granted.

        3   Case name: **Afsaneh Doost**

            Chapter: 7          Case number: **1:14-bk-10396-AA**

            Date filed: **01/27/2014**    Date discharged:         Date dismissed:  **8/15/2014**

            Relief from stay regarding the Property  ☐ was  ☒ was not  granted.

☒  See attached continuation page for information about other bankruptcy cases affecting the Property.

☒  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                        Page 10                      F 4001-1.RFS.RP.MOTION

000082

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/16/2020 | Ignacio Alvarado | |
|---|---|---|
| Date: | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                     Page 11                         F 4001-1.RFS.RP.MOTION

000083

## CONTINUATION PAGE

**Page 3:**
Movant requests the following relief:

14.  [X]   See attached continuation page for other relief requested.

    In the alterative, as the instant bankruptcy case (filed on January 28, 2020) is the second case following Debtor previous case (1:19-bk-12284-MT, dismissed on December 10, 2019) which was pending and dismissed within the prior one year period, Movant seeks confirmation pursuant to 363(c)(3)(A) that the automatic stay has terminated in its entirety.  11 U.S.C. 363(c)(3)(A); *In re Reswick*, 446 B.R. 362 (9th Cir. BAP 2011).

**Page 10:**

18.  [X]   The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    b.  [X]   Multiple bankruptcy cases affecting the Property include:

        4.  Case name:  **Afsaneh Doost**

        Chapter: **7**        Case number: **1:11-bk-22838-MT**

        Date filed:**11/03/2011**    Date discharged:        Date dismissed:  **12/13/2011**

        Relief from stay regarding the Property  [ ] was  [X] was not  granted.

    On April 4, 2019, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property. On August 6, 2019, a Notice of Trustee's Sale was recorded against the Property, scheduling a trustee's sale date for September 12, 2019. On September 11, 2019, Afsaneh Doost filed a bankruptcy petition in the Central District of California, assigned case number 1:19-bk-12284-MT ("2019 Case"). Due to the 2019 Case, the trustee's sale was postponed.  On October 24, 2019, Movant filed a Motion for Relief from the Automatic Stay and an order granting the motion was entered on November 21, 2019.  Afsaneh Doost failed to appear at the 341(a) meeting and the First Case thus dismissed on December 10, 2019.

    A trustee's sale scheduled for January 30, 2020. However, again on January 28, 2020, Afsaneh Doost filed the instant bankruptcy petition in the Central District of California, assigned case number 1:20-bk-10213-MT ("Instant Case") which stopped the trustee sale from proceeding.

    The Debtor has filed multiple bankruptcy cases, which have affected the Property. In review of the Debtor's prior bankruptcy history, it would appear that the Debtor has a history of filing bankruptcy cases which he fails to complete. The Debtor's prior four (4) bankruptcy cases have either been dismissed, left incomplete and/or abandoned as he has failed to appear at the 341(a) meeting.  The Debtor's two (2) most recent bankruptcy filings were filed day(s) before a scheduled trustee's sale and used to delay and hinder Movant from proceeding with its available state law remedies.  In Debtor's 2019 Case, Movant obtained an order granting relief from the automatic stay to proceed with its remedies. In less than three (3) months' time Debtor's 2019 Case was dismissed because he failed to appear at the 341(a) meeting and Debtor again filed the instant case, causing Movant to again postpone its trustee's sale.  Based on the foregoing, Movant submits that the multiple bankruptcy cases have been used as part of a scheme to delay, hinder or defraud Movant.

## <u>CONTINUATION PAGE</u>

     1.      Bank of America, N.A. services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtain(s) a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**MALCOLM & CISNEROS, A Law Corporation**
**2112 Business Center Drive, Second Floor**
**Irvine, CA 92612**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **03/17/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**CHAPTER 7 TRUSTEE:** David Keith Gottlieb (TR): dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com, rjohnson@dkgallc.com,akuras@dkgallc.com
**DEBTOR`S ATTORNEY:**  *PRO-SE*
**US TRUSTEE:**  United States Trustee (SV) : ustpregion16.wh.ecf@usdoj.gov
**NOTICE:** Avi Schild: bk@atlasacq.com ☐    Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (date) **03/17/2020**   I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**HONORABLE BANKRUPTCY COURT JUDGE:   Maureen Tighe: 21041 Burbank Boulevard, Suite 324, Woodland Hills, CA 91367**

**DEBTOR:  Afsaneh Doost: 4567 White Oak Pl, Encino, CA 91316**

☐    Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____ I served the following persons and/or entities by personal delivery, overnight mail service or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/17/2020 | Diep Quach | *[signature]* |
|---|---|---|
| Date | Printed Name | **Signature** |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

000086

# EXHIBIT 1

000087

EXHIBIT "A"

19

All of Lot 86 of Tract No. 19486, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in book 509, page(s) 16 to 19 inclusive of Maps, in the Office of the County Recorder of said County, also in the Northerly 18.00 feet of Lot 87 of said Tract No. 19486, said Northerly 18.00 feet being measured at right angles from that certain course in the boundary line of said Lot 87, shown on the map of said Tract No. 19486, as having a bearing of North 79° 32' 00" East and a length of 149.87 feet and its Westerly prolongation.

Except therefrom all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved and/or granted in the document(s) recorded May 27, 1953 in book 41826, page(s) 128, Official Records.

05 1673008

**This page is part of your document - DO NOT DISCARD**

▲                                                                                    ▲

**05 1673008**



RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**07/15/05 AT 08:00am**

# TITLE(S) :

▲                                                                                    ▲



L E A D     S H E E T

**FEE**                                                                    D.T.T.

| FEE $ 762 JJ |
| DAF $ 20 |
| C-20          24 |

**NOTIFICATION SENT $4**

**CODE**

**CODE**

**CODE**

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**     **Number of AIN's Shown**

▲          **THIS FORM IS NOT TO BE DUPLICATED**                          ▲

000089

**CALIFORNIA TITLE COMPANY**

Recording Requested By:
L. DROKE

05 1673008

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O. Box 10423
Van Nuys, CA 91410-0423

Prepared By:
DANIELLE JACOBSON

— [Space Above This Line For Recording Data] —

[Escrow/Closing #]                    [Doc ID #]

# DEED OF TRUST

MIN ████████████████

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated JULY 01, 2005 , together with all Riders to this document.

(B) **"Borrower"** is
GULAM JELLANI DOOST, AND AFSANEH DOOST, HUSBAND AND WIFE AS JOINT TENANTS

**CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

Page 1 of 16

Initials:

*A D*
*G. D*

VMP®-6A(CA) (0207)    CHL (09/02)(d)    VMP MORTGAGE FORMS - (800)521-7291    Form 3005 1/01
CONV/VA

3

Borrower's address is
4711 LINDLEY AVE, TARZANA, CA 91356
Borrower is the trustor under this Security Instrument.
**(C) "Lender"** is
Countrywide Bank, a Division of Treasury Bank, N.A.
Lender is a NATL. ASSN.
organized and existing under the laws of THE UNITED STATES
Lender's address is
P.O. Box 10219, Van Nuys, CA 91410-0219
**(D) "Trustee"** is
ReconTrust Company, N.A
225 West Hillcrest Dr., MSN TO-02, Thousand Oaks 91360
**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F) "Note"** means the promissory note signed by Borrower and dated  JULY 01, 2005        . The Note states that Borrower owes Lender
ONE MILLION and 00/100

Dollars (U.S. $ 1,000,000.00     ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  JULY 01, 2035          .
**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(M) "Escrow Items"** means those items that are described in Section 3.
**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii)

Initials:

VMP®  -6A(CA) (0207)        CHL (09/02)                Page 2 of 16                                Form 3005 1/01

05  1673008

DOC ID #: ▮▮▮▮▮▮▮

conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY            of            LOS ANGELES            :

[Type of Recording Jurisdiction]            [Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: ▮▮▮▮▮▮▮            which currently has the address of
4567 WHITE OAK PLACE, LOS ANGELES            ,

[Street/City]

California 91316-4334 ("Property Address"):

[Zip Code]

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

Initials: _____

05 1673008

000092

DOC ID #: ███████████

but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments. *G . D*

VMP ®-6A(CA) (0207)        CHL (09/02)        Page 4 of 16        Initials: *AD*        Form 3005 1/01

DOC ID #: █████████

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

Initials: _G. D_
_A U_

VMP -6A(CA) (0207)          CHL (09/02)          Page 5 of 16          Form 3005 1/01

DOC ID #: ████████████

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of

Initials: Gr · D
A D

-6A(CA) (0207)        CHL (09/02)        Page 6 of 16        Form 3005 1/01

05 1673008

DOC ID #:

paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Initials:

05  1673008

000096

DOC ID #: ████████

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower

Initials: ____

-6A(CA) (0207)          CHL (09/02)                    Page 8 of 16                                    Form 3005 1/01

05 1673008

10

DOC ID #: ███████████

shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

(b) **Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security

Initials: *G·D*
*A*

-6A(CA) (0207)    CHL (09/02)    Page 9 of 16    Form 3005 1/01

05 1673008

000098

DOC ID #

Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction:
(a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value
divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss
in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value
of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of
the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and
Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this
Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing
Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to
respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply
the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this
Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower
Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous
Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in
Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest
in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration
has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a
ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's
interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for
damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and
shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in
the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for
payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to
Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any
Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any
Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of
the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any
Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including,
without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of
Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any
right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and
agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who
co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security
Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this
Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and
(c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any
accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's
consent.

Initials:

-6A(CA) (0207)    CHL (09/02)    Page 10 of 16    Form 3005 1/01

05 1673008

*12*

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

Initials: _G·D_ / _A·D_

05 1673008

000100

13

DOC ID # ████████████

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in

VMP®  -6A(CA) (0207)     CHL (09/02)            Page 12 of 16                         Initials: _____

Form 3005 1/01

05 1673008

000101

*14*

DOC ID #:

compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

*G . D*

*A D*

Initials: _____

**05 1673008**

000102

DOC ID #: ███████████

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

G·D
AD

Initials:

05  1673008

14

DOC ID #: ███████████

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                             GULAM JELLANI DOOST              -Borrower

_____    _____ (Seal)
                             AFSANEH DOOST                     -Borrower

                             _____ (Seal)
                                                                -Borrower

                             _____ (Seal)
                                                                -Borrower

G. D
A D

VMP®-6A(CA) (0207)      CHL (09/02)          Page 15 of 16                Form 3005 1/01

05 1673008                    000104

17

DOC ID #:

State of California
County of Los Angeles }ss.

On July 16, 2005 before me, Golnaz Ghazanfary personally appeared
Gulam Jellani Doost and Afsaneh Doost

, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



GOLNAZ GHAZANFARY
COMM. 1425811
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires July 19, 2007

_____ (Seal)

G·D
A D
Initials: _____

-6A(CA) (0207)    CHL (09/02)    Page 16 of 16    Form 3005 1/01

05 1673008

Prepared by: DANIELLE JACOBSON

**Countrywide Bank, a Division of Treasury Bank, N.A.**

Branch #: ▮▮▮▮▮▮
20970 WARNER CENTER LN, STE. C
WOODLAND HILLS, CA 91367
Phone: (800)299-3324
Br Fax No.: (818)888-2270

DATE:    07/01/2005
CASE #:
DOC ID #: ▮▮▮▮▮▮▮▮
BORROWER: GULAM JELLANI DOOST
PROPERTY ADDRESS: 4567 WHITE OAK PLACE
LOS ANGELES, CA 91316-4334

## LEGAL DESCRIPTION EXHIBIT A

FHA/VA/CONV
- Legal Description Exhibit A





05 1673008

000106

20

# ADJUSTABLE RATE RIDER
### (PayOption LIBOR One-Month Index - Payment Caps)

[Escrow/Closing #]          [Doc ID #]

THIS ADJUSTABLE RATE RIDER is made this FIRST                          day of
JULY, 2005              , and is incorporated into and shall be deemed to amend and supplement
the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by
the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
Countrywide Bank, a Division of Treasury Bank, N.A.

("Lender") of the same date and covering the property described in the Security Instrument and
located at:

4567 WHITE OAK PLACE
LOS ANGELES, CA 91316-4334
[Property Address]

**THE NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE
MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY
PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD
BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE
MAXIMUM LIMIT STATED IN THE NOTE.**

**ADDITIONAL COVENANTS:** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agrees as follows:

## A. INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for changes in the interest rate and the monthly payments, as follows:

● **PayOption LIBOR ARM Rider**
**1E311-XX (12/04)(d)**                    Page 1 of 6

G. D
A D



05 1673008

000107

DOC ID #: ███████████

## 2. INTEREST

### (A) Interest Rate

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    1.000 %. The interest rate I will pay may change.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of the Note.

### (B) Interest Rate Change Dates

The interest rate I will pay may change on the first          day of AUGUST, 2005          , and on that day every month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date. The interest rate may change monthly, but the monthly payment is recalculated in accordance with Section 3.

### (C) Index

Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the date 15 days before each Interest Rate Change Date is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (D) Calculation of Interest Rate Changes

Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding          TWO & 675/1000 percentage point(s) (    2.675 %) ("Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). This rounded amount will be my new interest rate until the next Interest Rate Change Date. My interest will never be greater than    9.950 %. Beginning with the first Interest Rate Change Date, my interest rate will never be lower than the Margin.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will make a payment every month.

I will make my monthly payments on the FIRST          day of each month beginning on AUGUST 01, 2005          . I will make these payments every month until I have paid all the Principal and interest and any other charges described below that I may owe under the Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on JULY 01, 2035          , I still owe amounts under the Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

• **PayOption LIBOR ARM Rider**
**1E311-XX (12/04)**                    Page 2 of 6

*22*

DOC ID #: ███████████

I will make my monthly payments at
P.O. Box 10219, Van Nuys, CA 91410-0219

or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments
Each of my initial monthly payments until the first Payment Change Date will be in the amount of
U.S. $ 3,216.40                        , unless adjusted under Section 3(F).

### (C) Payment Change Dates
My monthly payment may change as required by Section 3(D) below beginning on the
first          day of AUGUST, 2006          , and on that day every 12th
month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also
will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment.
The "Minimum Payment" is the minimum amount Note Holder will accept for my monthly payment
which is determined at the last Payment Change Date or as provided in Section 3(F) or 3(G) below. If
the Minimum Payment is not sufficient to cover the amount of the interest due then negative
amortization will occur.
I will pay the amount of my new Minimum Payment each month beginning on each Payment
Change Date or as provided in Section 3(F) or 3(G) below.

### (D) Calculation of Monthly Payment Changes
At least 30 days before each Payment Change Date, the Note Holder will calculate the amount of
the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe
at the Payment Change Date in full on the maturity date in substantially equal payments at the interest
rate effective during the month preceding the Payment Change Date. The result of this calculation is
called the "Full Payment." Unless Section 3(F) or 3(G) apply, the amount of my new monthly payment
effective on a Payment Change Date, will not increase by more than 7.5% of my prior monthly
payment. This 7.5% limitation is called the "Payment Cap." This Payment Cap applies only to the
Principal and interest payment and does not apply to any escrow payments Lender may require under
the Security Instrument. The Note Holder will apply the Payment Cap by taking the amount of my
Minimum Payment due the month preceding the Payment Change Date and multiplying it by the
number 1.075. The result of this calculation is called the "Limited Payment." Unless Section 3(F) or
3(G) below requires me to pay a different amount, my new Minimum Payment will be the lesser of the
Limited Payment and the Full Payment. I also have the option to pay the Full Payment for my monthly
payment.

*G.D*
*AD*

• **PayOption LIBOR ARM Rider**
**1E311-XX (12/04)**          Page 3 of 6

*23*

```
                                      DOC ID #: ████████████
```

**(E) Additions to My Unpaid Principal**

Since my monthly payment amount changes less frequently than the interest rate, and since the monthly payment is subject to the payment limitations described in Section 3(D), my Minimum Payment could be less than or greater than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. For each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal, and interest will accrue on the amount of this difference at the interest rate required by Section 2. For each month that the monthly payment is greater than the interest portion, the Note Holder will apply the payment as provided in Section 3(A).

**(F) Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid Principal can never exceed the Maximum Limit equal to ONE HUNDRED FIFTEEN percent ( 115 %) of the Principal amount I originally borrowed. My unpaid Principal could exceed that Maximum Limit due to Minimum Payments and interest rate increases. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. This means that my monthly payment may change more frequently than annually and such payment changes will not be limited by the 7.5% Payment Cap. The new Minimum Payment will be in an amount that would be sufficient to repay my then unpaid Principal in full on the Maturity Date in substantially equal payments at the current interest rate.

**(G) Required Full Payment**

On the fifth Payment Change Date and on each succeeding fifth Payment Change Date thereafter, I will begin paying the Full Payment as my Minimum Payment until my monthly payment changes again. I also will begin paying the Full Payment as my Minimum Payment on the final Payment Change Date.

**(H) Payment Options**

After the first Interest Rate Change Date, Lender may provide me with up to three (3) additional payment options that are **greater** than the Minimum Payment, which are called "Payment Options." I may be given the following Payment Options;

    (i) **Interest Only Payment:** the amount that would pay the interest portion of the monthly payment at the current interest rate. The Principal balance will not be decreased by this Payment Option and it is only available if the interest portion exceeds the Minimum Payment.

    (ii) **Fully Amortized Payment:** the amount necessary to pay the loan off (Principal and interest) at the Maturity Date in substantially equal payments.

    (iii) **15 Year Amortized Payment:** the amount necessary to pay the loan off (Principal and interest) within a fifteen (15) year term from the first payment due date in substantially equal payments. This monthly payment amount is calculated on the assumption that the current rate will remain in effect for the remaining term.

● **PayOption LIBOR ARM Rider**
**1E311-XX (12/04)**                    Page 4 of 6

*G. D*
*A D*

**DOC ID #:** ████████████

These Payment Options are only applicable if they are greater than the Minimum Payment.

## B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Section 18 of the Security Instrument entitled "Transfer of the Property or a Beneficial Interest in Borrower" is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this

*G.D*
*A D*

• **PayOption LIBOR ARM Rider**
**1E311-XX (12/04)**                    Page 5 of 6

05 1673008

000111



DOC ID #: ████████████

Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____    -Borrower
GULAM JELLANI DOOST

_____    -Borrower
AFSANEH DOOST

_____    -Borrower

_____    -Borrower

**• PayOption LIBOR ARM Rider**
**1E311-XX (12/04)**                    Page 6 of 6

05  1673008

000112

# EXHIBIT 2

000113

Prepared by: DANIELLE JACOBSON

LOAN #:

# ADJUSTABLE RATE NOTE
(LIBOR One-Month Index - Payment Caps)

**THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE MAXIMUM LIMIT STATED IN THIS NOTE.**

JULY 01, 2005                     ENCINO                                 CALIFORNIA
   [Date]                      [City]                                    [State]

4567 WHITE OAK PLACE, LOS ANGELES, CA 91316-4334
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 1,000,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. The Principal amount may increase as provided under the terms of this Note but will never exceed 115 percent of the Principal amount I originally borrowed. This is called the "Maximum Limit." Lender is Countrywide Bank, a Division of Treasury Bank, N.A.

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

**(A) Interest Rate**

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 1.000 %. The interest rate I will pay may change.

The interest rate required by Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**(B) Interest Rate Change Dates**

The interest rate I will pay may change on the first day of AUGUST, 2005, and on that day every month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date. The interest rate may change monthly, but the monthly payment is recalculated in accordance with Section 3.

**(C) Index**

Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the date 15 days before each Interest Rate Change Date is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give notice of this choice.

**(D) Calculation of Interest Rate Changes**

Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding TWO & 675/1000 percentage point(s) 2.675 ("Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). This rounded amount will be my new interest rate until the next Interest Rate Change Date. My interest will never be greater than 9.950 %. Beginning with the first Interest Rate Change Date, my interest rate will never be lower than the Margin.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will make a payment every month.

I will make my monthly payments on the first day of each month beginning on AUGUST 01, 2005. I will make these payments every month until I have paid all the Principal and interest and any

• **PayOption ARM Note - LIBOR Index**

Page 1 of 4



LOAN #

other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    JULY 01, 2035    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. Box 10219, Van Nuys, CA 91410-0219
or at a different place if required by the Note Holder.

**(B)  Amount of My Initial Monthly Payments**
Each of my initial monthly payments until the first Payment Change Date will be in the amount of U.S.
$ 3,216.40            , unless adjusted under Section 3(F).

**(C)  Payment Change Dates**
My monthly payment may change as required by Section 3(D) below beginning on the first            day of AUGUST, 2006       , and on that day every 12th month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment. The "Minimum Payment" is the minimum amount Note Holder will accept for my monthly payment which is determined at the last Payment Change Date or as provided in Section 3(F) or 3(G) below. If the Minimum Payment is not sufficient to cover the amount of the interest due then negative amortization will occur.

I will pay the amount of my new Minimum Payment each month beginning on each Payment Change Date or as provided in Section 3(F) or 3(G) below.

**(D)  Calculation of Monthly Payment Changes**
At least 30 days before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Payment Change Date in full on the maturity date in substantially equal payments at the interest rate effective during the month preceding the Payment Change Date. The result of this calculation is called the "Full Payment."Unless Section 3(F) or 3(G) apply, the amount of my new monthly payment effective on a Payment Change Date, will not increase by more than 7.5% of my prior monthly payment. This 7.5% limitation is called the "Payment Cap." This Payment Cap applies only to the Principal and interest payment and does not apply to any escrow payments Lender may require under the Security Instrument. The Note Holder will apply the Payment Cap by taking the amount of my Minimum Payment due the month preceding the Payment Change Date and multiplying it by the number 1.075. The result of this calculation is called the "Limited Payment." Unless Section 3(F) or 3(G) below requires me to pay a different amount, my new Minimum Payment will be the lesser of the Limited Payment and the Full Payment. I also have the option to pay the Full Payment for my monthly payment.

**(E)  Additions to My Unpaid Principal**
Since my monthly payment amount changes less frequently than the interest rate, and since the monthly payment is subject to the payment limitations described in Section 3(D), my Minimum Payment could be less than or greater than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. For each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal, and interest will accrue on the amount of this difference at the interest rate required by Section 2. For each month that the monthly payment is greater than the interest portion, the Note Holder will apply the payment as provided in Section 3(A).

**(F)  Limit on My Unpaid Principal; Increased Monthly Payment**
My unpaid Principal can never exceed the Maximum Limit equal to ONE HUNDRED FIFTEEN        percent ( 115 %) of the Principal amount I originally borrowed. My unpaid Principal could exceed that Maximum Limit due to Minimum Payments and interest rate increases. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. This means that my monthly payment may change more frequently than annually and such payment changes will not be limited by the 7.5% Payment Cap. The new Minimum Payment will be in an amount that would be sufficient to repay my then unpaid Principal in full on the Maturity Date in substantially equal payments at the current interest rate.

**(G)  Required Full Payment**
On the fifth Payment Change Date and on each succeeding fifth Payment Change Date thereafter, I will begin paying the Full Payment as my Minimum Payment until my monthly payment changes again. I also will begin paying the Full Payment as my Minimum Payment on the final Payment Change Date.

**(H)  Payment Options**
After the first Interest Rate Change Date, Lender may provide me with up to three (3) additional payment options that are greater than the Minimum Payment, which are called "Payment Options." I may be given the following Payment Options;
    (i)   **Interest Only Payment:** the amount that would pay the interest portion of the monthly payment at the current interest rate. The Principal balance will not be decreased by this Payment Option and it is only available if the interest portion exceeds the Minimum Payment.
    (ii)   **Fully Amortized Payment:** the amount necessary to pay the loan off (Principal and interest) at the maturity date in substantially equal payments.
    (iii)   **15 Year Amortized Payment:** the amount necessary to pay the loan off (Principal and interest) within a fifteen (15) year term from the first payment due date in substantially equal payments. This monthly payment amount is calculated on the assumption that the current rate will remain in effect for the remaining term.

LOAN #:

These Payment Options are only applicable if they are greater than the Minimum Payment.

### 4. NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

### 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments. My partial Prepayment may reduce the amount of my monthly payments after the first Payment Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

### 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 7. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5.000 % of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all the amounts owed under this Note.

### 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

000116

LOAN #: ▓▓▓▓▓▓

## 11. SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

GULAM JELLANI DOOST — Borrower

AFSANEH DOOST — Borrower

— Borrower

— Borrower

PAY TO THE ORDER OF

WITHOUT RECOURSE
TREASURY BANK, NA

BY
SUSANA AMADOR
COLLATERAL PROCESSING OFFICER

● PayOption ARM Note - LIBOR Index
2E307-XX (12/04)          Page 4 of 4

000117

Prepared by: DANIELLE JACOBSON

**Countrywide Bank, a Division of Treasury Bank, N.A.**

DATE:       07/01/2005
BORROWER: GULAM JELLANI DOOST
CASE #:
LOAN #:
PROPERTY ADDRESS: 4567 WHITE OAK PLACE
                  LOS ANGELES, CA 91316-4334

Branch #:
20970 WARNER CENTER LN, STE. C
WOODLAND HILLS, CA 91367
Phone: (800)299-3324
Br Fax No.: (818)698-2270

# PREPAYMENT PENALTY ADDENDUM

THIS PREPAYMENT PENALTY ADDENDUM is dated JULY 01, 2005        , and is incorporated into and amends and supplements the Note of the same date (the "Note") given by me to
Countrywide Bank, a Division of Treasury Bank, N.A.
(the "Lender"). The Note is secured by a Mortgage or Deed of Trust or comparable security instrument (the "Security Instrument") covering the property (the "Property") identified in the Security Instrument.

The section of the Note entitled "BORROWER'S RIGHT TO PREPAY" is replaced with the following new section:

### BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. Such an advance payment of Principal is known as a "Prepayment." I may make partial or full Prepayments. When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments. **My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.**

LOAN #:

If within the first THIRTY SIX months after the execution of this Note, I make
prepayment(s), the total of which exceeds twenty (20) percent of the original
Principal amount of this Note, I agree to pay a Prepayment Penalty in an amount
equal to the payment of six (6) months' advance interest on the amount by which the
total of my prepayment(s) during the twelve (12) month period immediately preceding
the date of the prepayment exceeds twenty (20) percent of the original Principal
amount of this Note. Interest will be calculated using the rate in effect at the
time of prepayment.

All other terms and conditions of the above referenced Note remain in full force and effect.

_____  Borrower
GULAM JELLANI DOOST

_____  Borrower
AFSANEH DOOST

_____  Borrower

_____  Borrower

● Prepayment Penalty Addendum

Page 2 of 2

# EXHIBIT 3

000120

This page is part of your document - DO NOT DISCARD



# 20140127518



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/05/14 AT 10:54AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |





**L E A D S H E E T**





**SEQ:**
**01**

ERDS - Daily

**THIS FORM IS NOT TO BE DUPLICATED**

E464773

E13

Recording Requested By:
**Bank of America**
Prepared By: Diana De Avila
1800 Tapo Canyon Road
Simi Valley, CA 93063
800-444-4302
When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
Westlake, TX 76262-9823

DocID#

Property Address:
4567 White Oak Place
Los Angeles, CA 91316-4334

MIN #:                                                                    MERS Phone #: 888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (herein "Assignor"), whose address is P.O. Box 2026, Flint, MI 48501-2026, AS NOMINEE FOR COUNTRYWIDE BANK, A DIVISION OF TREASURY BANK, N.A., ITS SUCCESSORS AND ASSIGNS hereby assign and transfer to BANK OF AMERICA, N.A (herein "Assignee"), whose address is C/O BAC, M/C: CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063, and its successors and assigns all its right, title, and interest in and to a certain Deed Of Trust described below.

| | |
|---|---|
| Beneficiary: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, A DIVISION OF TREASURY BANK, N.A., ITS SUCCESSORS AND ASSIGNS |
| Original Borrower(s): | GULAM JELLANI DOOST, AND AFSANEH DOOST, HUSBAND AND WIFE AS JOINT TENANTS |
| Original Trustee: | RECONTRUST COMPANY, N.A |
| Date of Deed of Trust: | 7/1/2005 |
| Original Loan Amount: | $1,000,000.00 |

Recorded in Los Angeles County, CA on: 7/15/2005, book N/A, page N/A and instrument number 05·1673008

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE
BANK, A DIVISION OF TREASURY BANK, N.A., ITS
SUCCESSORS AND ASSIGNS

By: _____

_____
Martha Munoz Vice President
Date _____ 2-3-14

000122

State of California
County of Ventura

On **FEB 0 3 2014** _____ before me, _____ **L. A. LLANOS, Notary Public** _____, Notary Public, personally appeared

_MARTHA MUÑOZ_____, who proved to me on the basis of satisfactory evidence to be the person
(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

L. A. LLANOS
Commission # 1921705
Notary Public - California
Los Angeles County
My Comm. Expires Jan 14, 2015

Notary Public: _____ **L. A. Llanos** _____    (Seal)
My Commission Expires: _____ **Exp. 01/14/15**

# EXHIBIT 4



**Bank of America**

**Home Loans**

Attn: Home Retention Division
BAC Home Loans Servicing, LP
100 Beecham Drive Suite 104
Pittsburgh, PA 15205

**Notice Date:  August 29, 2009**
**Account No.:** ▮▮▮▮▮▮

GULAM JELLANI DOOST
AFSANEH  DOOST
4567 White Oak Pl
Encino, CA 91316

**Property Address:**
4567 WHITE OAK PLACE
LOS ANGELES, CA 91316

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

Dear GULAM JELLANI DOOST and AFSANEH  DOOST,

You are eligible[1] for a program which provides a variety of options to help, including:

- Possible 5 year interest rate freeze and/or reduction
- Interest-only payments for a ten (10) year period
- Elimination of the negative amortization feature on your loan (To understand negative amortization; please see the important terms in this document)
- Assistance with past due amounts

In order to take advantage of the options above, you must agree to the enclosed modification agreement and return it to us as indicated below.

The enclosed modification agreement fixes your interest rate at 3.000%, and result in a new monthly payment amount of $3,060.29.[2]  This rate will take effect on 1st day of October, 2009 and will be fixed for a period of five years.  At the end of that period and each year after, your interest rate may increase.

---

[1] Your eligibility is based upon information you provided to us and may be subject to validation.
[2] This payment is subject to change if your escrow payment changes.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

000125

**TO ACCEPT THE ENCLOSED MODIFICATION, HERE'S WHAT YOU NEED TO DO:**

1. Carefully review all documentation enclosed.  We have outlined important legal terms and notices of this change on the following pages.  It is very important that you read and understand these terms.

2. Sign and date the enclosed modification document in the presence of a notary.[3]  The notary acknowledgment must be in recordable form.  All parties who own an interest in the property must sign the modification agreement as their name appears on the enclosed agreement.

3. Return the signed documents to us in the pre-paid FedEx envelope no later than September 28, 2009 in order for the enclosed modification to take effect.  Be sure to use the address label provided.

If you have any questions about this program, please contact us at 1.877.759.4102.  Our dedicated Loan Consultants can be reached from 8:00 AM until 9:00 PM CT Monday through Friday, and 8:00 AM until 3:00 PM CT on Saturday.  You can also learn more about our Homeownership Retention Program by visiting us online at www.bankofamerica.com/cwmain.

We are committed to providing you the help you need to remain in your home.  Please take advantage of this offer by completing the enclosed forms, or call us to see how we can help you.

Sincerely,

Jill Balentine
Senior Vice President
Home Retention Division

BAC Home Loans Servicing, LP

_____

[3]  If this document is being executed in California, you must use the California All Purpose Acknowledgment. It will be utilized by a notary of the state of California in place of the notary section contained in the Loan Modification Agreement.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

**IMPORTANT TERMS**

If you agree to the terms of the enclosed modification and return it as indicated, the interest rate reduction being offered will take effect on October 1, 2009 and will continue until September 30, 2014 which means your new lower payment will be reflected in the following month's statement. As explained above, your payment is subject to change annually subject to the terms of the enclosed modification. After the ten-year period, you will be required to make principal and interest payments for the remaining term of the loan.

<u>This modification will eliminate the negative amortization feature of your loan.</u>  Negative amortization previously occurred when the minimum payment option, which is less than the total amount of interest due each month, was chosen. The additional interest owed each month was added to the unpaid principal balance of the loan. By eliminating the minimum (or less than interest only) payment option, we are also eliminating the negative amortization feature of your loan. This may cause a payment increase to the amount, which is due each month. By signing and returning the documents to us you are acknowledging your acceptance and understanding of the terms of the modification.

While, during the interest-only period, you are not required to make payments of principal, we nevertheless encourage you to remit more when possible to reduce the likelihood of a significant payment increase at the end of ten years. Please see the additional Payment Choices in your interest-only monthly statement for ways to help you pay down principal. Paying down principal now will help to reduce the amount of interest you currently owe reducing your new Interest-Only period, and will reduce your new monthly payment of principal and interest that will be due at the end of the Interest-Only period.

The following figures show your delinquent balance as of August 29, 2009. The total amount and breakdown of delinquent amounts that would be added to your loan under the terms of the enclosed modification are as follows:

| | |
|---|---|
| Interest: | $74,586.15 |
| Fees*: | $1,844.32 |
| Escrow: | $53,048.35 |
| Total: | $129,478.82 |

\*   Fees may include but are not limited to property inspection fees, property preservation fees, legal fees, appraisal fees, BPO fees, title report fees, recording fees and/or subordination fees.

You are still required to pay back the entire unpaid principal by your loan's maturity date.

BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.



### RATE CHANGE NOTICE

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

Your loan is being converted from a Pay Option ARM loan to a Step Rate loan which is effective with your November 1, 2009 payment.

---

**HOW WE CALCULATE YOUR NEW MONTHLY PAYMENT**

**Step 1:** Determine your new interest rate

|  | Current | New |
|---|---|---|
| Loan Index | N/A | N/A* |
| Margin | N/A | N/A |
| Total | N/A | N/A |
| Rounding | N/A | N/A |
| Actual Rate | 3.000% | 3.000% |

\* N/A: The new rate is an agreed to interest rate and is not based on an index and margin.

**Step 2:**  Determine new payment amount

We calculate the new monthly payment amount using the figures below:

| | |
|---|---|
| New Interest Rate | 3.000% |
| Anticipated Principal Balance[4] | $1,224,113.82 |
| Remaining Term as of October 1, 2009 | 309 months |
| New Interest payment | $3,060.28 |
| New Payment Effective | November 1, 2009 |

If you have an escrow account, this notice does not address any changes to your escrow payment.  Please refer to your monthly statement for information regarding your current escrow payment.  Furthermore, your interest rate will adjust in accordance with the enclosed modification until it reaches the maximum rate of 3.000%, and this will cause your payment to change as demonstrated in the modification.

We are also required to provide you with all other interest rates applied to the transaction in the period between the current and the last adjustment notices.

| Change Date | Interest Rate % |
|---|---|
| October 1, 2008 | 5.125% |
| November 1, 2008 | 7.000% |
| December 1, 2008 | 4.125% |
| January 1, 2009 | 3.500% |
| February 1, 2009 | 3.000% |
| March 1, 2009 | 3.125% |
| April 1, 2009 | 3.250% |
| May 1, 2009 | 3.125% |
| June 1, 2009 | 3.000% |
| July 1, 2009 | 3.000% |
| August 1, 2009 | 3.000% |

---

[4] Anticipated Principal Balance is the unpaid principal that you are expected to owe as of the first payment due under the enclosed modification agreement.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.



RECORDING REQUESTED BY:
BAC Home Loans Servicing, LP
Attn: Home Retention Division
7105 Corporate Drive
(PTX-B-36)
Plano, TX 75024

Doc ID # ████████ MOD

---------------------------------------------SPACE ABOVE THIS LINE FOR RECORDER'S USE---------------------------------------------

# LOAN MODIFICATION AGREEMENT
## (5-1 ARM 10 Year IO)

This Loan Modification Agreement ("Agreement"), made this 29th day of August, 2009, between GULAM JELLANI DOOST and AFSANEH DOOST (the "Borrower(s)") and BAC Home Loans Servicing, LP (the "Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 1st day of July, 2005 and (2) the Note and Adjustable Rate Rider secured by the Security Instrument, and (3) any prior agreements or modifications in effect relative to the Note and Security Instrument which covers the real property described in the Security Instrument and defined therein as the 'Property', located at 4567 WHITE OAK PLACE , LOS ANGELES, CA 91316.

The real property described being set forth as follows:

**SAME AS IN SAID SECURITY INSTRUMENT, SEE ATTACHED EXHIBIT A**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. As of the 1st day of October, 2009, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $1,224,113.82, consisting of the amount(s) loaned to the Borrower by the Lender and which may include, but are not limited to, any past due principal payments, interest , fees and/or costs ("Unpaid Amounts") which you agreed are to be capitalized (added to the amount you originally borrowed) as one of the terms of this agreement.

2. (a.) Monthly Payments During the Interest-Only Period, Interest Rate Change Dates, and Payments After the Interest-Only Period Ends:

   (i) Interest:
   The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender.  Each date on which Borrower's interest rate could change is called an "Interest Rate Change Date". Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.000% from the 1st day of October, 2009 to the September 30, 2014. Interest will be charged on the basis of a twelve-month year and a thirty-day month. The new rate of interest will become effective on each Interest Rate Change Date and Borrower will pay the amount of the new monthly payment beginning on the first monthly payment due date after the Interest Rate Change Date until the amount of Borrower's monthly payment changes again. The First Interest Rate Change Date is 1st day of October, 2014 and the adjustable interest rate Borrower will pay may change on that day every twelfth month thereafter.  Borrower's new adjustable interest rate will be determined by applying the Margin, Index, and rate change calculation method provided in the Note.

   (ii) Payments:
   The date on which Borrower will be required to make a first payment consisting of both principal and interest ("First Principal and Interest Payment Due Date") shall be the first monthly payment due on the 1st day of October, 2019. Until the First Principal and Interest Payment Due Date Borrower promises to make monthly payments of interest (Interest Only Payment) of U.S. $3,060.29 beginning on the 1st day of November, 2009, and continuing thereafter on the same day of each succeeding month (Interest-Only Period).  On and after the First Principal and Interest Payment Due Date, and until principal and interest are paid in full, Borrower shall make monthly payments of principal and interest and other charges described in the Note and Security Instrument.  If on the 1st day of July, 2035 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

   (b.) Impact of this Agreement on the new Interest-Only Payment and on the Amount of Interest Borrower will pay over the life of the loan;

   Borrower understands that by agreeing to add the unpaid past-due payments, including unpaid and deferred interest, fees, and other costs (collectively 'Unpaid Amounts') to the Unpaid Principal Balance, the added Unpaid Amounts accrue interest based on the  interest rate in effect .Borrower also understands that this means interest will now accrue on the unpaid Interest , and that this would not happen without this Agreement.

   Borrower understands the result of this Agreement is to increase the amount of interest that will be owed over the term of the loan.  The Interest-Only payment amount Borrower owes now may therefore be higher unless the interest rate has been lowered.  This is because the amount of principal is higher and the interest due is recalculated because it is charged on that higher principal amount.

   (c.) Impact of this Agreement on Monthly Payments at the End of the Interest-Only Period -- the First Principal and Interest Payment Due Date:

   After the Interest-Only Period ends, Borrower understands the monthly payment will increase—even if Borrower's interest rate stays the same—because Borrower must start repaying the principal, as well as the interest, for the remainder of the loan term. Because this Agreement results in the Unpaid Amounts Due being added to principal, the amount of principal that is due with each monthly payment will also increase, which results in a bigger monthly

payment. Borrower also understands the need to plan for this increase in the amount of the monthly payment when the Interest-Only Period ends and that at that time Borrower will no longer have the choice of paying only the Interest-Only monthly amount. **Borrower understands that the increase in the monthly payment amount at the First Principal and Interest Payment Due Date could be significant and result in a condition referred to as payment shock.**

(d.) Understanding the Monthly Statement during the Interest-Only Period

Borrower understands that the Interest-Only Loan Monthly Statement during the Interest-Only Period has added features to offer more than the Interest Only Payment. Although Borrower's Interest-Only loan offers the freedom to pay only the interest portion of the payment due each month for a specified period of time, Borrower also understands he or she has the choice to pay other amounts, which will assist Borrower in paying down the principal balance. If Borrower chooses to pay extra money beyond the Interest-Only payment amount in a given month, Borrower understands this will reduce the principal owed. The next month, the Interest-Only payment amount Borrower owes (assuming there has been no change in the interest rate on Borrower's loan) will be lower. This is because the amount of principal is lower and the interest due is recalculated because it is charged on that lower principal amount. Borrower understands that paying more and reducing principal can also mean that Borrower will build equity in the home more quickly. Borrower understands that the Amortized Payment Choice and 15-Year Amortized Payment Choice in the Interest-Only monthly statement provide Borrower with several easy ways each month to select a payment that reduces Borrower's principal.

3.  The Borrower will make such payments at Payment Processing  PO Box 10219  Van Nuys, CA 91410 or at such other place as the Lender may require.

4.  Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.

5.  In consideration of this Modification, Borrower agrees that if any document related to the Security Instrument, Note and/or Modification is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, Borrower(s) will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of Borrower(s) shall be referred to as "Documents." Borrower agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_____ Dated: 9/10/2009
GULAM JELLANI DOOST

_____ Dated: 9/10/2009
AFSANEH DOOST

STATE OF _____

COUNTY OF_____

On_____ before me, _____Notary Public, personally appeared

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature

*********************************************************************************************************

BAC Home Loans Servicing, LP

By: _____      Dated: _____

_____                 _____

STATE OF _____

COUNTY OF_____

On _____ before me, _____Notary Public, personally appeared

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.


_____
Signature

# CALIFORNIA NOTARY ACKNOWLEDGMENT
### (For use by California Notary, if applicable.)

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_

On _Sept. 10, 2009_ before me, _PATRICK B. MACERTOON, A NOTARY PUBLIC_
(insert name and title of the officer)

personally appeared _AFSANEH DOOST_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

PATRICK B. MACERTOON
COMM. # 1808928
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES AUG. 9, 2012

NOTARY SEAL

THIS CERTIFICATE MUST BE ATTACHED TO THE
DOCUMENT DESCRIBED AT RIGHT

Document: Loan Modification Agreement
Number of Pages:
Date of Document:
Signer(s) Other Than Named Above: _____

## CALIFORNIA NOTARY ACKNOWLEDGMENT
(For use by California Notary, if applicable.)

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_

On _Sept 10, 2009_ before me, _PATRICK B. MACERTOON, A Notary Public_
<span>(insert name and title of the officer)</span>

personally appeared _GULAM JELLANI DOOST_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

> PATRICK B. MACERTOON
> COMM. # 1808928
> NOTARY PUBLIC - CALIFORNIA
> LOS ANGELES COUNTY
> COMM. EXPIRES AUG. 9, 2012

NOTARY SEAL

THIS CERTIFICATE MUST BE ATTACHED TO THE
DOCUMENT DESCRIBED AT RIGHT

Document: Loan Modification Agreement
Number of Pages:
Date of Document:
Signer(s) Other Than Named Above: _____

EXHIBIT 5

000134

**Fill in this information to identify your case and this filing:**

| Debtor 1 | **Afsaneh Doost** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
■ Yes. Where is the property?

**1.1**

**4567 White Oak PLC**
Street address, if available, or other description

**Encino          CA    91316-0000**
City          State    ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,550,000.00 | $1,550,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☐ **Check if this is community property** (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................=> 

$1,550,000.00

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

■ No
☐ Yes

Official Form 106A/B

Schedule A/B: Property

page 1

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Afsaneh Doost** |
| | First Name — Middle Name — Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name — Middle Name — Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1: List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|
| **2.1** **Bank Of America**<br>Creditor's Name | $1,493,000.00 | $1,550,000.00 | $0.00 |

**Describe the property that secures the claim:**

4567 White Oak PLC Encino, CA
91316 Los Angeles County

1800 Tapo Canyon Rd.
Simi Valley, CA 93063

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred _____    Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page. Write that number here: | $1,493,000.00

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here: | $1,493,000.00

**Part 2: List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

000136

**Exhibit E**

**Incomplete, BPP, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
# Central District of California (San Fernando Valley)
# Bankruptcy Petition #: 1:11-bk-22838-MT

|  |  |
|---|---|
| | *Date filed:*  11/03/2011 |
| *Assigned to:* Maureen Tighe | *Date terminated:*  12/13/2011 |
| Chapter 7 | *Debtor dismissed:*  11/22/2011 |
| Voluntary | *341 meeting:*  12/05/2011 |
| No asset | *Deadline for objecting to*  02/03/2012 |
| | *discharge:* |
| | *Deadline for financial mgmt.*  02/03/2012 |
| *Debtor disposition:*  Dismissed for Failure to | *course:* |
| File Information | |

**Debtor**
**Afsaneh Doost**
4567 White Oak Pl
Encino, CA 91316
LOS ANGELES-CA
818-344-5784
SSN / ITIN: xxx-xx-1679

represented by **Afsaneh Doost**
PRO SE

**Trustee**
**Diane C Weil (TR)**
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
(818) 651-6400

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 11/03/2011 | 1 | Chapter 7 Voluntary Petition . Fee Amount |

000137

| | (11 pgs; 3 docs) | $306 Filed by Afsaneh Doost Statement of Intent due 12/5/2011. Schedule A due 11/17/2011. Schedule B due 11/17/2011. Schedule C due 11/17/2011. Schedule D due 11/17/2011. Schedule E due 11/17/2011. Schedule F due 11/17/2011. Schedule G due 11/17/2011. Schedule H due 11/17/2011. Schedule I due 11/17/2011. Schedule J due 11/17/2011. Statement of Financial Affairs due 11/17/2011. Statement - Form 22A Due: 11/17/2011. Notice of available chapters due 11/17/2011. Statement of assistance of non-attorney due 11/17/2011. Verification of creditor matrix due 11/17/2011. Summary of schedules due 11/17/2011. Declaration concerning debtors schedules due 11/17/2011. Disclosure of compensation of bankruptcy petition preparer due 11/17/2011. Cert. of Credit Counseling due by 11/17/2011. Decl. and Ntc. by Petition Preparer (Form 19) due by 11/17/2011. Statistical Summary due 11/17/2011. Debtor Certification of Employment Income due by 11/17/2011. Incomplete Filings due by 11/17/2011. (Boyd, Brenda) (Entered: 11/03/2011) |
| 11/03/2011 | [2](#) (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 12/05/2011 at 11:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Objections for Discharge due by 02/03/2012. Cert. of Financial Management due by 02/03/2012 for Debtor and Joint Debtor (if joint case) (Boyd, Brenda) (Entered: 11/03/2011) |
| 11/03/2011 | [3](#) | Statement of Social Security Number(s) Form B21 Filed by Debtor Afsaneh Doost . (Boyd, Brenda) (Entered: 11/03/2011) |
| 11/03/2011 | [4](#) (3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Boyd, Brenda) (Entered: 11/03/2011) |

| | | |
|---|---|---|
| 11/03/2011 | | Receipt of Chapter 7 Filing Fee - $306.00 by 11. Receipt Number 10047221. (admin) (Entered: 11/04/2011) |
| 11/05/2011 | [5](#) (4 pgs) | BNC Certificate of Notice (RE: related document(s) [2](#) Meeting (AutoAssign Chapter 7)) No. of Notices: 5. Notice Date 11/05/2011. (Admin.) (Entered: 11/05/2011) |
| 11/05/2011 | [6](#) (3 pgs) | BNC Certificate of Notice (RE: related document(s) [1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) No. of Notices: 1. Notice Date 11/05/2011. (Admin.) (Entered: 11/05/2011) |
| 11/05/2011 | [7](#) (3 pgs) | BNC Certificate of Notice (RE: related document(s) [1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) No. of Notices: 1. Notice Date 11/05/2011. (Admin.) (Entered: 11/05/2011) |
| 11/05/2011 | [8](#) (5 pgs) | BNC Certificate of Notice (RE: related document(s) [4](#) Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Notice Date 11/05/2011. (Admin.) (Entered: 11/05/2011) |
| 11/22/2011 | [9](#) (1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. All pending motions and adversary proceedings are moot and dismissed. (BNC) Signed on 11/22/2011. (Toomer, Rosalyn) (Entered: 11/22/2011) |
| 11/24/2011 | [10](#) (3 pgs) | BNC Certificate of Notice (RE: related document(s) [9](#) ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 6. Notice Date 11/24/2011. (Admin.) (Entered: 11/24/2011) |
| 12/07/2011 | | Chapter 7 Trustee's Report of No Distribution: |

| | | I, Diane Weil (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Diane Weil (TR) (RE: related document(s)2 Meeting of Creditors with 341). (Weil (TR), Diane) (Entered: 12/07/2011) |
|---|---|---|
| 12/13/2011 | 11 (1 pg) | Bankruptcy Case Closed - DISMISSED (Dominguez, Amy) (Entered: 12/13/2011) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/18/2020 14:40:10 | | | |
| **PACER Login:** | us7763:2657068:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-bk-22838-MT Fil or Ent: filed From: |

000140

| | | | 12/19/2010 To: 3/18/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
|---|---|---|---|
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

000141

**Exhibit F**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Bankruptcy Petition #: 1:16-bk-10078-MT

|  |  |
|---|---|
| *Assigned to:* Maureen Tighe | *Date filed:* 01/12/2016 |
| Chapter 7 | *Date terminated:* 05/27/2016 |
| Voluntary | *341 meeting:* 03/04/2016 |
| No asset | *Deadline for objecting to discharge:* 04/18/2016 |
|  | *Deadline for financial mgmt. course:* 04/18/2016 |

*Debtor disposition:* Discharge Withheld for Failure to Submit Cert of Instructional Course for Personal Financial Mgmt

| **Debtor** | represented by **Dominiq Afzali** |
|---|---|
| **Afsaneh Doost** | Westwood Law Center |
| 4567 White Oak Pl | 1722 Westwood Blvd Ste 202 |
| Encino, CA 91316 | Los Angeles, CA 90024 |
| LOS ANGELES-CA | 310-820-3800 |
| 818-344-5784 | Fax : 310-820-7200 |
| SSN / ITIN: xxx-xx-1679 | Email: westwlaw@gmail.com |

*Trustee*
**Nancy J Zamora (TR)**
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071
213-488-9411

*U.S. Trustee*
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|

000142

| 01/12/2016 | [1]<br>(13 pgs; 3 docs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Afsaneh Doost Statement of Intention for Individuals Filing Under Chapter 7 (Form 108) due 2/11/2016. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 1/26/2016. Schedule A/B: Property (Form 106A/B or 206A/B) due 1/26/2016. Schedule C: The Property You Claim as Exempt (Form 106C) due 1/26/2016. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 1/26/2016. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 1/26/2016. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 1/26/2016. Schedule H: Your Codebtors (Form 106H or 206H) due 1/26/2016. Schedule I: Your Income (Form 106I) due 1/26/2016. Schedule J: Your Expenses (Form 106J) due 1/26/2016. Declaration About an Individual Debtors Schedules (Form 106Dec) due 1/26/2016. Statement of Financial Affairs (Form 107 or 207) due 1/26/2016. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 1/26/2016. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 1/26/2016. Chapter 7 Means Test Calculation (Form 122A-2) Due: 1/26/2016. Cert. of Credit Counseling due by 1/26/2016. Statement of Related Cases (LBR Form F1015-2) due 1/26/2016. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 1/26/2016. Incomplete Filings due by 1/26/2016. (Kinsley, Terri) (Entered: 01/12/2016) |
| 01/12/2016 | [2]<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 02/17/2016 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA |

| | | 91367-6003. Objections for Discharge due by 04/18/2016. Cert. of Financial Management due by 04/18/2016 for Debtor and Joint Debtor (if joint case) (Kinsley, Terri) (Entered: 01/12/2016) |
|---|---|---|
| 01/12/2016 | [3](#) | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Afsaneh Doost . (Kinsley, Terri) (Entered: 01/12/2016) |
| 01/12/2016 | | Receipt of Chapter 7 Filing Fee - $335.00 by 16. Receipt Number 10066527. (admin) (Entered: 01/13/2016) |
| 01/13/2016 | | Notice of Debtor's Prior Filings for debtor Afsaneh Doost Case Number [11-22838](#), Chapter 7 filed in California Central Bankruptcy on 11/03/2011 , Dismissed for Failure to File Information on 11/22/2011. (Admin) (Entered: 01/13/2016) |
| 01/14/2016 | [4](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[2](#) Meeting (AutoAssign Chapter 7)) No. of Notices: 6. Notice Date 01/14/2016. (Admin.) (Entered: 01/14/2016) |
| 01/14/2016 | [5](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) No. of Notices: 1. Notice Date 01/14/2016. (Admin.) (Entered: 01/14/2016) |
| 01/14/2016 | [6](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) No. of Notices: 1. Notice Date 01/14/2016. (Admin.) (Entered: 01/14/2016) |
| 01/19/2016 | [7](#)<br>(3 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Wilkinson, Reilly. (Wilkinson, Reilly) (Entered: 01/19/2016) |

000144

| 01/22/2016 | [8](#)<br>(64 pgs; 5 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 5337 Topeka Dr., Tarzana, CA 91356 . Fee Amount $176, Filed by Creditor CAM XI TRUST, its successors and/or assignees (Attachments: # [1](#) Motion for Relief # [2](#) Memorandum of Points and Authorities # [3](#) Declaration # [4](#) Proof of Service) (Wilkinson, Reilly) (Entered: 01/22/2016) |
| --- | --- | --- |
| 01/22/2016 | | Receipt of Motion for Relief from Stay - Real Property(1:16-bk-10078-MT) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 41688482. Fee amount 176.00. (re: Doc# [8](#)) (U.S. Treasury) (Entered: 01/22/2016) |
| 01/22/2016 | [9](#)<br>(57 pgs; 2 docs) | Ex parte application *for Order Setting Hearing on Shortened Notice* Filed by Creditor CAM XI TRUST, its successors and/or assignees (Attachments: # [1](#) Proof of Service) (Wilkinson, Reilly) (Entered: 01/22/2016) |
| 01/25/2016 | [10](#)<br>(4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice (Related Doc # [9](#) ) Signed on 1/25/2016 (Cetulio, Julie) (Entered: 01/25/2016) |
| 01/25/2016 | 11 | Hearing Set (RE: related document(s)[8](#) Motion for Relief from Stay - Real Property filed by Creditor CAM XI TRUST, its successors and/or assignees) The Hearing date is set for 2/3/2016 at 11:00 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Cetulio, Julie) (Entered: 01/25/2016) |
| 01/25/2016 | [12](#)<br>(2 pgs) | Order Amending Order Granting Application for Hearing on Shortened Time (Related Doc # [10](#) ) Signed on 1/25/2016 (Fisher, Liliana) (Entered: 01/25/2016) |

| 01/26/2016 | [13](10 pgs; 3 docs) | Notice of Hearing Filed by Creditor CAM XI TRUST, its successors and/or assignees (RE: related document(s)[8](#) Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 5337 Topeka Dr., Tarzana, CA 91356 . Fee Amount $176, Filed by Creditor CAM XI TRUST, its successors and/or assignees (Attachments: # 1 Motion for Relief # 2 Memorandum of Points and Authorities # 3 Declaration # 4 Proof of Service)). (Attachments: # [1] Ex Parte Order # [2] Proof of Service) (Wilkinson, Reilly) (Entered: 01/26/2016) |
| 01/26/2016 | [14](1 pg) | Certificate of Credit Counseling Filed by Debtor Afsaneh Doost (RE: related document(s)[1] Voluntary Petition (Chapter 7)). (Toomer, Rosalind) (Entered: 01/27/2016) |
| 01/26/2016 | [15](32 pgs) | Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for |

| | | |
|---|---|---|
| | | Individuals Filing Under Chapter 7 (Official Form 108) Filed by Debtor Afsaneh Doost (RE: related document(s)1 Voluntary Petition (Chapter 7)). (Toomer, Rosalind) (Entered: 01/27/2016) |
| 01/26/2016 | 16 (3 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Afsaneh Doost (RE: related document(s)1 Voluntary Petition (Chapter 7)). (Toomer, Rosalind) (Entered: 01/27/2016) |
| 01/26/2016 | 17 (16 pgs) | Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Chapter 7 Means Test Calculation (Official Form 122A-2) (BNC Option) , Exemption is not being requested. (Official Form 122A-1Supp) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amended Schedule I Individual: Your Income (Official Form 106I) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of assistance of non-attorney Filed by Debtor Afsaneh Doost (RE: related document(s)1 Voluntary Petition (Chapter 7)). (Toomer, Rosalind) (Entered: 01/27/2016) |
| 01/27/2016 | 18 (4 pgs; 2 docs) | Declaration re: *Notification of Hearing on Shortened Notice* Filed by Creditor CAM XI TRUST, its successors and/or assignees (RE: related document(s)8 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 5337 Topeka Dr., Tarzana, CA 91356 . Fee Amount $176,, 10 Order (Generic) (BNC-PDF)). (Attachments: # 1 Proof of Service) (Wilkinson, Reilly) (Entered: 01/27/2016) |
| 01/27/2016 | 19 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)10 Order (Generic) |

000147

| | | |
|---|---|---|
| | | (BNC-PDF)) No. of Notices: 1. Notice Date 01/27/2016. (Admin.) (Entered: 01/27/2016) |
| 01/27/2016 | [20](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[12](#) Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/27/2016. (Admin.) (Entered: 01/27/2016) |
| 02/03/2016 | [21](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Schild, Avi. (Schild, Avi) (Entered: 02/03/2016) |
| 02/04/2016 | [22](#) (7 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion for Relief from the Automatic Stay Under 11 U.S.C. 362* Filed by Creditor CAM XI TRUST, its successors and/or assignees (RE: related document(s)[8](#) Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 5337 Topeka Dr., Tarzana, CA 91356 . Fee Amount $176, Filed by Creditor CAM XI TRUST, its successors and/or assignees (Attachments: # 1 Motion for Relief # 2 Memorandum of Points and Authorities # 3 Declaration # 4 Proof of Service)). (Wilkinson, Reilly) (Entered: 02/04/2016) |
| 02/05/2016 | [23](#) (3 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # [8](#) ) Signed on 2/5/2016 (Fisher, Liliana) (Entered: 02/05/2016) |
| 02/07/2016 | [24](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[23](#) Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 02/07/2016. (Admin.) (Entered: 02/07/2016) |
| 02/09/2016 | | Receipt of Certification Fee - $11.00 by 16. Receipt Number 10066731. (admin) (Entered: 02/10/2016) |

000148

| 02/17/2016 | 25 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 03/04/16 at 10:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Debtor absent. (Zamora (TR), Nancy) (Entered: 02/17/2016) |
|---|---|---|
| 02/18/2016 | [26](#) (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Zamora (TR), Nancy) (Entered: 02/18/2016) |
| 03/04/2016 | [27](#) (1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Afsaneh Doost. (Afzali, Dominic) (Entered: 03/04/2016) |
| 03/04/2016 | [28](#) (4 pgs) | Substitution of attorney Filed by Debtor Afsaneh Doost. (Afzali, Dominic) (Entered: 03/04/2016) |
| 03/04/2016 | | Chapter 7 Trustee's Report of No Distribution: I, Nancy J Zamora (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 1263093.00, Assets Exempt: Not Available, |

| | | |
|---|---|---|
| | | Claims Scheduled: $ 1212444.99, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1212444.99. Filed by Trustee Nancy J Zamora (TR) (RE: related document(s)2 Meeting of Creditors with 341(a) meeting to be held on 02/17/2016 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 04/18/2016. Cert. of Financial Management due by 04/18/2016 for Debtor and Joint Debtor (if joint case)). (Zamora (TR), Nancy) (Entered: 03/04/2016) |
| 04/04/2016 | 29 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 04/04/2016) |
| 04/07/2016 | 30 (4 pgs) | BNC Certificate of Notice (RE: related document(s)29 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 04/07/2016. (Admin.) (Entered: 04/07/2016) |
| 04/14/2016 | 31 (63 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4567 White Oak Place Los Angeles, CA 91316-4334 . Fee Amount $176, Filed by Creditor Bank of America, N.A. (Attachments: # 1 Exhibit) (Richey, Cassandra) (Entered: 04/14/2016) |
| 04/14/2016 | | Receipt of Motion for Relief from Stay - Real Property(1:16-bk-10078-MT) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 42274323. Fee amount 176.00. (re: Doc# 31) (U.S. Treasury) (Entered: 04/14/2016) |
| 04/14/2016 | 32 | Hearing Set (RE: related document(s)31 |

| | | |
|---|---|---|
| | | Motion for Relief from Stay - Real Property filed by Creditor Bank of America, N.A.) The Hearing date is set for 5/11/2016 at 11:00 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Gonzalez, Emma) (Entered: 04/14/2016) |
| 05/13/2016 | [33](#) (3 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # [31](#) ) Signed on 5/13/2016 (Gonzalez, Emma) (Entered: 05/13/2016) |
| 05/15/2016 | [34](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[33](#) Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2016. (Admin.) (Entered: 05/15/2016) |
| 05/27/2016 | [35](#) (1 pg) | Case closed without discharge. Debtor has not filed a Certification About a Financial Management Course proving compliance with the required instructional course requirement for discharge. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Financial Management Course Certificate, the debtor(s) must pay the full filing fee due for filing such a motion (BNC) (RE: related document(s)[2](#) Meeting (AutoAssign Chapter 7), [8](#) Motion for Relief from Stay - Real Property filed by Creditor CAM XI TRUST, its successors and/or assignees, [31](#) Motion for Relief from Stay - Real Property filed by Creditor Bank of America, N.A.) (Toomer, Rosalind) (Entered: 05/27/2016) |
| 05/29/2016 | [36](#) (2 pgs) | BNC Certificate of Notice (RE: related document(s)[35](#) Case Closed Without Discharge Ch 7 (BNC)) No. of Notices: 7. Notice Date 05/29/2016. (Admin.) (Entered: 05/29/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/18/2020 14:41:50 | | | |
| **PACER Login:** | us7763:2657068:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:16-bk-10078-MT Fil or Ent: filed From: 12/19/2000 To: 3/18/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**Exhibit G**

**Repeat-cacb, RepeatPACER, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Bankruptcy Petition #: 1:19-bk-12284-MT

|  |  |
|---|---|
| *Assigned to:* Maureen Tighe | *Date filed:* 09/11/2019 |
| Chapter 7 | *Date terminated:* 12/12/2019 |
| Voluntary | *Debtor dismissed:* 12/10/2019 |
| No asset | *341 meeting:* 12/09/2019 |
|  | *Deadline for objecting to discharge:* 12/17/2019 |
|  | *Deadline for financial mgmt. course:* 12/17/2019 |

*Debtor disposition:* Dismissed for Other Reason

**Debtor**
**Afsaneh Doost**
4567 White Oak Pl
Encino, CA 91316
LOS ANGELES-CA
818-337-9989
SSN / ITIN: xxx-xx-1679

represented by **Afsaneh Doost**
PRO SE

**Trustee**
**Amy L Goldman (TR)**
633 W 5th Street, Suite 4000
Los Angeles, CA 90071
(213) 250-1800

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 09/11/2019 | 1 | Chapter 7 Voluntary Petition for Individuals . |

000153

| | (13 pgs; 3 docs) | Fee Amount $335 Filed by Afsaneh Doost Statement of Intention for Individuals Filing Under Chapter 7 (Form 108) due 10/11/2019. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 9/25/2019. Schedule A/B: Property (Form 106A/B or 206A/B) due 9/25/2019. Schedule C: The Property You Claim as Exempt (Form 106C) due 9/25/2019. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 9/25/2019. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 9/25/2019. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 9/25/2019. Schedule H: Your Codebtors (Form 106H or 206H) due 9/25/2019. Schedule I: Your Income (Form 106I) due 9/25/2019. Schedule J: Your Expenses (Form 106J) due 9/25/2019. Declaration About an Individual Debtors Schedules (Form 106Dec) due 9/25/2019. Statement of Financial Affairs (Form 107 or 207) due 9/25/2019. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 9/25/2019. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 9/25/2019. Chapter 7 Means Test Calculation (Form 122A-2) Due: 9/25/2019. Cert. of Credit Counseling due by 9/25/2019. Statement of Related Cases (LBR Form F1015-2) due 9/25/2019. Incomplete Filings due by 9/25/2019. (Fisher, Liliana) (Entered: 09/11/2019) |
| 09/11/2019 | 2<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 10/18/2019 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 12/17/2019. Cert. of Financial Management due by 12/17/2019 for Debtor and Joint Debtor (if joint case) (Fisher, Liliana) (Entered: 09/11/2019) |

000154

| 09/11/2019 | [3](#) | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Afsaneh Doost . (Fisher, Liliana) (Entered: 09/11/2019) |
|---|---|---|
| 09/11/2019 | [4](#)<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Afsaneh Doost . (Fisher, Liliana) (Entered: 09/11/2019) |
| 09/11/2019 | | Receipt of Chapter 7 Filing Fee - $335.00 by 12. Receipt Number 10074497. (admin) (Entered: 09/11/2019) |
| 09/12/2019 | | Notice of Debtor's Prior Filings for debtor Afsaneh Doost Case Number [16-10078](#), Chapter 7 filed in California Central Bankruptcy on 01/12/2016; Case Number [11-22838](#), Chapter 7 filed in California Central Bankruptcy on 11/03/2011 , Dismissed for Failure to File Information on 11/22/2011. (Admin) (Entered: 09/12/2019) |
| 09/12/2019 | [5](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Schild, Avi. (Schild, Avi) (Entered: 09/12/2019) |
| 09/13/2019 | [6](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[2](#) Meeting (AutoAssign Chapter 7)) No. of Notices: 8. Notice Date 09/13/2019. (Admin.) (Entered: 09/13/2019) |
| 09/13/2019 | [7](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) No. of Notices: 1. Notice Date 09/13/2019. (Admin.) (Entered: 09/13/2019) |
| 09/13/2019 | [8](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[1](#) Voluntary Petition (Chapter 7) filed by Debtor Afsaneh Doost) No. of Notices: |

000155

| | | 1. Notice Date 09/13/2019. (Admin.) (Entered: 09/13/2019) |
|---|---|---|
| 09/25/2019 | [9](#)<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Afsaneh Doost (RE: related document(s)[1](#) Voluntary Petition (Chapter 7)). (Kinsley, Terri) (Entered: 09/26/2019) |
| 09/25/2019 | [10](#)<br>(1 pg) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Afsaneh Doost . (Kinsley, Terri) (Entered: 09/26/2019) |
| 09/25/2019 | [11](#)<br>(42 pgs) | Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Afsaneh Doost (RE: related document(s)[1](#) Voluntary Petition (Chapter 7)). (Kinsley, Terri) Statement of Intent also filed. Modified |

000156

| | | |
|---|---|---|
| | | on 9/26/2019 (Kinsley, Terri). (Entered: 09/26/2019) |
| 09/26/2019 | | Receipt of Amendment Filing Fee - $31.00 by 16. Receipt Number 10074585. (admin) (Entered: 09/26/2019) |
| 09/26/2019 | [12](#) (4 pgs) | Amendment to List of Creditors. Fee Amount $31 Filed by Debtor Afsaneh Doost . (Kinsley, Terri) (Entered: 09/30/2019) |
| 10/18/2019 | 13 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Amy L Goldman (TR). 341(a) Meeting Continued to 11/01/2019 at 10:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. (Goldman (TR), Amy) (Entered: 10/18/2019) |
| 10/18/2019 | [14](#) (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Amy L Goldman (TR). (Goldman (TR), Amy) (Entered: 10/18/2019) |
| 10/24/2019 | [15](#) (63 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4567 White Oak Place, Los Angeles, CA 91316-4334 . Fee Amount $181, Filed by Creditor BANK OF AMERICA, N.A. (Attachments: # [1](#) Exhibit) (Khil, Christina) (Entered: 10/24/2019) |
| 10/24/2019 | | Receipt of Motion for Relief from Stay - Real Property(1:19-bk-12284-MT) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 49980774. Fee amount 181.00. (re: Doc# [15](#)) (U.S. Treasury) (Entered: 10/24/2019) |
| 10/25/2019 | 16 | Hearing Set (RE: related document(s)[15](#) Motion for Relief from Stay - Real Property filed by Creditor BANK OF AMERICA, N.A.) The Hearing date is set for 11/20/2019 at 10:00 AM at Crtrm 302, 21041 Burbank Blvd, |

| | | Woodland Hills, CA 91367. The case judge is Maureen Tighe (Fisher, Liliana) (Entered: 10/25/2019) |
|---|---|---|
| 11/01/2019 | 17 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Amy L Goldman (TR). 341(a) Meeting Continued to 12/09/2019 at 10:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. (Goldman (TR), Amy) (Entered: 11/01/2019) |
| 11/01/2019 | 18 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Amy L Goldman (TR). (Goldman (TR), Amy) (Entered: 11/01/2019) |
| 11/21/2019 | 19 (4 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 15 ) Signed on 11/21/2019 (Fisher, Liliana) (Entered: 11/21/2019) |
| 11/23/2019 | 20 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)19 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 11/23/2019. (Admin.) (Entered: 11/23/2019) |
| 12/04/2019 | 21 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 12/04/2019) |
| 12/07/2019 | 22 (4 pgs) | BNC Certificate of Notice (RE: related document(s)21 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 12/07/2019. (Admin.) (Entered: 12/07/2019) |
| 12/10/2019 | 23 (1 pg) | Trustee's Request to Dismiss Debtor(s) for Failure to Appear at 341(a) Meeting of |

| | | |
|---|---|---|
| | | Creditors (Chapter 7) - Dismiss **Debtor** Filed by Trustee Amy L Goldman (TR). (Goldman (TR), Amy) (Entered: 12/10/2019) |
| 12/10/2019 | [24](#) (1 pg) | ORDER and notice of dismissal for failure to appear at 341(a) meeting - **Debtor** Dismissed. All pending motions and adversary proceedings are moot and dismissed. (BNC) Signed on 12/10/2019 (RE: related document(s)[2](#) Meeting (AutoAssign Chapter 7), [15](#) Motion for Relief from Stay - Real Property filed by Creditor BANK OF AMERICA, N.A., 17 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF) filed by Trustee Amy L Goldman (TR)). (Kinsley, Terri) (Entered: 12/10/2019) |
| 12/11/2019 | | Chapter 7 Trustee's Report of No Distribution: I, Amy L Goldman (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Amy L Goldman (TR). (Goldman (TR), Amy) (Entered: 12/11/2019) |

| 12/12/2019 | 25 | Bankruptcy Case Closed - DISMISSED. Order of Dismissal in the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Auto Closed) (Alcala, Maria) - (Entered: 12/12/2019) |
| 12/12/2019 | 26 (2 pgs) | BNC Certificate of Notice (RE: related document(s)24 ORDER and notice of dismissal for failure to appear at 341(a) meeting (Option A or Option B) (BNC)) No. of Notices: 12. Notice Date 12/12/2019. (Admin.) (Entered: 12/12/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/18/2020 14:34:32 | | |
| **PACER Login:** | us7763:2657068:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-bk-12284-MT Fil or Ent: filed From: 12/19/2000 To: 3/18/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page |

|                     |     |           | counts for documents: included |
|---------------------|-----|-----------|--------------------------------|
| **Billable Pages:** | 4   | **Cost:** | 0.40                           |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(3)(A) WITH A ONE-YEAR BAR TO REFILING PURSUANT TO 11 U.S.C. §§ 105(a) AND 349(a); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANDRA A. CRUZ IN SUPPORT THEREOF,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **4/29/2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **4/29/2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 4/29/2020 | Veronica M. Hernandez | */s/  Veronica M. Hernandez* |
| *Date* | *Printed Name* | *Signature* |

# SERVICE LIST FOR PROOF OF SERVICE

**SERVED ELECTRONICALLY**
•Katherine Bunker     kate.bunker@usdoj.gov
•David Keith Gottlieb (TR)     dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@
dkgallc.com
•Christina J Khil     christinao@mclaw.org,
CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com
•Avi Schild     bk@atlasacq.com

**SERVED BY U.S. MAIL**
U.S. Bankruptcy Court
San Fernando Valley Division
21041 Burbank Boulevard
Woodland Hills, California 91367

Afsaneh Doost
4567 White Oak Pl
Encino, CA 91316